DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas that found appellant guilty of two counts of rape in violation of R.C. 2907.02(A)(2) and sentenced him to terms of nine years and three years, to be served consecutively.
 {¶ 2} Appellant sets forth the following as his sole assignment of error:
 {¶ 3} "The trial court erred and abused its discretion by failing to set forth the law and rationale that supported sentencing the defendant to consecutive sentences, the trial court did not articulate an adequate basis to impose consecutive sentences upon appellant."
 {¶ 4} On April 23, 2002, appellant was charged by indictment with 16 counts of rape. The charges arose from allegations that appellant had raped his stepdaughter over a period of four years beginning when she was 10 years of age. Counts 1 through 10 alleged that between 1998 and 2001 appellant had engaged in sexual conduct with a person under the age of 13 and that such sexual conduct was carried out by the use of force or the threat of force in violation of R.C. 2907.02(A)(1)(b). Counts 11 through 16 alleged that appellant had engaged in sexual conduct with a juvenile by purposely compelling the victim to submit by force or threat of force in violation of R.C. 2907.02((A)(2). On May 14, 2003, appellant entered pleas of guilty to counts 11 and 12 of the indictment. The remainder of the indictment was dismissed at sentencing.
 {¶ 5} Appellant asserts in his sole assignment of error that the trial court did not adequately articulate on the record its basis for imposing consecutive sentences and argues that, without knowing exactly why the trial court imposed consecutive sentences, counsel cannot formulate an appeal of those sentences and this court cannot conduct a meaningful review thereof.
 {¶ 6} Pursuant to State v. Comer, (2003), 102 Ohio St.3d 221,2003-Ohio-4165, when imposing sentence, a trial court must first consider the factors set forth in R.C. 2929.12(B) and (C) to determine how to accomplish the overriding purposes of felony sentencing embraced in R.C.2929.11 and may not impose consecutive sentences for multiple offenses unless it finds the existence of three factors set forth in R.C.2929.14(E)(4). There is no question that the trial court considered R.C.2929.11 and R.C. 2929.12 as required. Specifically with respect to consecutive sentences, in order to comply with R.C. 2929.14 the trial court must: 1) find that consecutive sentences are necessary to protect the public from future crime or to punish the offender; 2) find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and 3) find the existence of one of the enumerated circumstances in R.C.2929.14(E)(4)(a) through (c). Pursuant to Comer, supra, the trial court must make these findings orally at the sentencing hearing and must give its reasons in support of the findings at the hearing.
 {¶ 7} This court has carefully reviewed the record of proceedings in the trial court. As we have stated upon review of other cases for compliance with R.C. 2929.14(E)(4) and Comer, supra, the transcript of the sentencing hearing reveals the care the judge took with respect to explaining why the particular sentence was being imposed. It is clear from the transcript of the sentencing hearing that the trial court gave much thought to the seriousness of the offenses to which appellant pled guilty and to the harm caused the young victim by the repeated acts of violence brought against her. The trial court made clear its finding that the sentence was necessary to punish appellant, and found pursuant to R.C. 2929.14(E)(4)(b), that the harm caused by the offenses was so great that a single prison term would not adequately reflect the seriousness of appellant's conduct. Certain "magic words" were not used, however — specifically, that "consecutive sentences are not disproportionate to the seriousness of [appellant's] conduct and to the danger [appellant] poses to the public."
 {¶ 8} Because strict technical compliance with R.C. 2929.14(E)(4) is required by Comer, supra, for imposition of consecutive sentences, we must reluctantly reverse the sentences imposed in this case and remand to the trial court for resentencing. A remand under these circumstances for what most likely will be a rote recitation of the omitted words appears to serve no real purpose, especially since the missing statutory language as cited above can arguably be inferred from the trial court's statements at sentencing. However, as expressed in the concurring opinion written by Judge Lanzinger in this court's State v. Adkins, 6th Dist. No. L-02-1190, 2003-Ohio-7250, until the General Assembly acts to amend the language of R.C. 2929.14(E)(4) or otherwise clarify the sentencing guidelines, trial judges must follow the technical and strict requirements of the relevant statutes by reciting certain language at each sentencing hearing pursuant to Comer, supra.
 {¶ 9} Accordingly, appellant's sole assignment of error is well-taken.
 {¶ 10} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is reversed as to the sentences imposed. This matter is remanded to the trial court for resentencing consistent with our findings as to the imposition of consecutive sentences. The judgment of the trial court is affirmed in all other respects. Costs of this appeal are assessed to appellee.
Judgment reversed in part and affirmed, in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Lanzinger, J. concur.