DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Sandusky County Court of Common Pleas wherein appellant, Allen R. Bartl, was convicted of two counts of rape in violation of R.C. 2907.02(A) (2).
 {¶ 2} The facts giving rise to this appeal are as follows. On April 23, 2002, appellant was charged by indictment with 16 counts of rape. The charges arose from allegations that appellant had raped his stepdaughter over a period of four years beginning when she was 10 years of age. Counts 1 through 10 alleged that between 1998 and 2001 appellant had engaged in sexual conduct with a person under the age of 13 and that such sexual conduct was carried out by the use of force or the threat of force in violation of R.C. 2907.02(A)(1)(b). Counts 11 through 16 alleged that appellant had engaged in sexual conduct with a juvenile by purposely compelling the victim to submit by force or threat of force in violation of R.C. 2907.02(A) (2). On May 14, 2003, appellant entered pleas of guilty to counts 11 and 12 of the indictment. The remainder of the indictment was dismissed at sentencing. The trial court sentenced him to terms of nine years and three years, to be served consecutively. On August 8, 2003, appellant filed a timely notice of appeal arguing that the trial court erred in sentencing him consecutively.
 {¶ 3} In State v. Bartl, 6th Dist. No. S-03-026, 2004-Ohio-3451, this court affirmed appellant's conviction but reversed as to the sentence imposed. Specifically, this court found that the trial court had failed to comply with R.C. 2929.14(E)(4) which requires the trial court, before imposing consecutive sentences, to find that "consecutive sentences are not disproportionate to the seriousness of conduct and to the danger [appellant] poses to the public."
 {¶ 4} On July 21, 2004, appellant appeared before the trial court for resentencing. On the record, the trial judge stated:
 {¶ 5} "* * * the court now finds, after reviewing the sentencing of July 22, 2003, and the Court of Appeals opinion, that consecutive sentences are necessary to protect the public from future crime, or to punish the offender, and further finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct, and to the danger the offender poses to the public."
 {¶ 6} The modified judgment entry of sentence filed July 22, 2003 reads:
 {¶ 7} "The Court imposes consecutive prison terms for the reason that the harm is so great that a single term will not adequately reflect the seriousness of the Defendant's conduct; that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant; and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public."
 {¶ 8} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967), 386 U.S. 738,18 L. Ed. 2d 493, 87 S. Ct. 1396. Appellant's counsel asserts that after reviewing the transcript in the proceeding and the relevant statutory and case law, she can find no arguable issues for appellate review. Appellant's counsel further states that she mailed a copy of the brief and request to withdraw to appellant and, pursuant to Anders, informed appellant that he had a right to file his own brief. Appellate counsel has set forth one possible assignments of error:
 {¶ 9} "The Imposition of consecutive sentences was improper in light of R.C. 2929.14 and defendant/appellant's lack of prior criminal record."
 {¶ 10} We first note that once the Anders requirements are satisfied, the appellate court must conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. at 744.
 {¶ 11} We have thoroughly reviewed the transcript of appellant's resentencing hearing and the judgment entry of sentence and find that the trial court complied with R.C. 2929.14. Accordingly, appellant's possible assignment of error is found not well-taken.
 {¶ 12} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, court costs of this appeal are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, Singer, P.J. and Parish, J. concur.