THE STATE OF OHIO, APPELLEE, *v.* BARNHOUSE, APPELLANT.

[Cite as *State v. Barnhouse,* 102 Ohio St.3d 221, 2004-Ohio-2492.]

(Nos. 2003–0249 and 2003–0313—Submitted January
13, 2004—Decided June 2, 2004.)

MOYER, C.J.

{¶ 1} The issue presented in this case is whether a trial court may impose consecutive jail sentences under R.C. 2929.16(A)(2). We answer that question in the negative.

I

{¶ 2} On February 5, 1998, the Athens County Grand Jury indicted appellant, Stephen Barnhouse, on two counts of nonsupport of a dependent in violation of R.C. 2919.21(B). These violations were fifth-degree felonies. Although Barnhouse initially pleaded not guilty, he changed his plea to guilty and entered a court-ordered diversion program. The trial court held the guilty plea in abeyance pending Barnhouse's progression in the program. In July 1999, the trial court concluded that Barnhouse had failed to comply with the requirements of the program, accepted his guilty plea, and imposed a one-year suspended prison term and "up to five years of community control."

{¶ 3} On May 2, 2000, the Athens County Grand Jury indicted Barnhouse on eight counts of nonsupport of dependents in violation of R.C. 2919.21(A)(2) and

(B). Barnhouse pleaded no contest to two counts of violating R.C. 2919.21(A)(2), fourth-degree felonies, in exchange for the state's agreement to dismiss the remaining counts in the indictment. Upon finding Barnhouse guilty of the two violations, the trial court again imposed a sentence of "up to five years of community control."

{¶ 4} In March 2002, the state alleged that Barnhouse committed multiple violations of the conditions of his community control. The alleged violations included the consumption of alcohol, a conviction for driving under the influence of alcohol ("DUI"), the failure to report the DUI conviction to his supervising officer, an arrest for public intoxication, the failure to report the public-intoxication arrest to his supervising officer, and the failure to appear in mayor's court on the charge of public intoxication. At a hearing on April 4, 2002, appellant stipulated to violating the conditions of his community control.

{¶ 5} In considering the appropriate sanction, the trial court determined that it could not sentence Barnhouse to a prison term because it had failed to inform him of the specific prison sentence to which he would be subject were he to violate the conditions of his community control. Having concluded that it was barred from sentencing Barnhouse to prison, the trial court ordered continued community control and sentenced Barnhouse to serve two six-month jail terms pursuant to R.C. 2929.16(A). The trial court ordered Barnhouse to serve the jail terms consecutively.

{¶ 6} Barnhouse appealed from his sentence to the Fourth District Court of Appeals, asserting that R.C. 2929.16(A) did not authorize the imposition of consecutive jail sentences and that his defense counsel was ineffective for failing to raise such an argument in the trial court. The court of appeals upheld the sentence on the basis that R.C. 2929.16(A) "refers to imposing a sentence for 'a felony' in the singular. It logically follows that multiple residential community sanctions may be imposed where the criminal has been found guilty of multiple felony offenses." (Emphasis omitted.) The court of appeals thereafter certified its judgment to be in conflict with that of the Sixth District Court of Appeals in *State v. Lehman* (Feb. 4, 2000), Lucas App. No. L–99–1140, 2000 WL 125795.

{¶ 7} The cause is now before this court upon our determination that a conflict exists in case No. 2003–0313 and pursuant to the acceptance of a discretionary appeal in case No. 2003–0249.

II

{¶ 8} This appeal presents two legal issues: (1) whether a trial court may impose consecutive jail sentences under R.C. 2929.16(A) and (2) whether Barnhouse received ineffective assistance of counsel because his attorney failed to

raise such an argument in the trial court.[1] Because our resolution of the former issue affects the disposition of the latter, we begin with an examination of the statutory provision that governs the imposition of multiple sentences in R.C. Chapter 2929.

## A

{¶ 9} The Ohio General Assembly provided the rules for determining whether a defendant should serve concurrent or consecutive sentences in R.C. 2929.41. That section provides:

{¶ 10} "(A) Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, *a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States.* Except as provided in division (B)(2) of this section, a sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution." (Emphasis added.)

{¶ 11} In Division (A) of R.C. 2929.41, the General Assembly thus set forth the general rule that any sentence of imprisonment shall be served concurrently with any other sentence of imprisonment. The first sentence of that provision excepts from the general rule sentences of imprisonment that are imposed under Division (B) of R.C. 2929.41, Division (E) of R.C. 2929.14, and Division (D) or (E) of R.C. 2971.03. Before determining whether the jail sentences imposed in the instant case fall within one of the exceptions delineated in R.C. 2929.41(A), however, we must address the threshold issue of whether the imposition of a jail term under R.C. 2929.16(A) is a "sentence of imprisonment" within the meaning in R.C. 2929.41(A) and thus subject to the general rule that multiple sentences shall be served concurrently.

### 1. Definition of "Imprisonment"

{¶ 12} Although the word "imprisonment" is not defined in R.C. Chapter 2929, R.C. 1.05(C) defines "imprisoned" as "[i]mprisoned in a *county * * * jail* or workhouse *pursuant to section 2929.16* of the Revised Code if the offense is a felony." (Emphasis added.) The trial court in the instant case sentenced Barnhouse to a county jail for multiple felonies pursuant to R.C. 2929.16. We

---

1. Barnhouse does not argue that the trial court failed to inform him, pursuant to R.C. 2929.19(B)(5), that it could impose a more restrictive community control sanction were he to violate the conditions of his community control, violate any law, or leave the state without permission of the court or the offender's probation officer. Therefore, we do not address this argument.

therefore conclude that the jail sentences imposed in the instant case rendered Barnhouse "imprisoned" within the meaning of R.C. 1.05. Having so concluded, it follows that the jail sentences imposed upon Barnhouse are "sentence[s] of imprisonment" under R.C. 2929.41(A) and that, unless one of the enumerated exceptions in that section applies, the sentences must run concurrently.[2]

### 2. Exceptions to the General Provision in R.C. 2929.41(A)

{¶ 13} The exceptions to the general provision in R.C. 2929.41 are codified in R.C. 2929.41(B), R.C. 2929.14(E), and R.C. 2971.03(D) and (E). The first and last of these exceptions are not implicated in this case. The exception provided in R.C. 2929.14(E), however, generally authorizes a trial court to impose consecutive sentences upon an offender for multiple felonies. Unlike the vast majority of felony cases, however, the trial court in the instant case did not impose consecutive sentences in the first instance but, rather, imposed them only after the defendant had violated his conditions of community control. This distinction is a meaningful one. For although the trial court may impose prison sentences as a sanction for violating conditions of community control, R.C. 2929.19(B) requires the court to "indicate the specific prison term that may be imposed as a sanction for the violation" before the community control sanction is imposed. R.C. 2929.19(B)(5).

{¶ 14} In the instant matter, the trial court failed to inform Barnhouse of the specific prison term that would be imposed upon him if he violated the conditions of his community control. As a result, the court determined that it was precluded from imposing consecutive prison sentences under R.C. 2929.14(E).[3] To achieve the same end by different means, however, the trial court expressly imposed consecutive six-month sentences under R.C. 2929.16(A)(2), which authorizes the trial court to impose as a community control sanction for "a felony * * * a term of up to six months in a jail."

### 3. Analysis

{¶ 15} Although R.C. 2929.16(A) does not expressly authorize the trial court to impose consecutive six-month sentences, the state asserts that the statute refers

---

2. The dissent concludes that a trial court has authority to impose consecutive six-month jail sentences under R.C. 2929.16(A)(2). It does so, however, without mentioning R.C. 2929.41(A), which provides the general rule that sentences of imprisonment must run *concurrently,* unless one of the exceptions enumerated therein applies. Although the dissent does not suggest that an exception applies, it nonetheless concludes—albeit implicitly—that the general rule in that section does not apply. It gives no reason for that important conclusion. Furthermore, the dissent notes that "had the General Assembly intended to prohibit consecutive jail sentences for each felony [under R.C. 2929.16(A)(2) ], it could have done so." The plain language of R.C. 2929.41, however, does precisely that.

3. We do not address the propriety of that determination.

to the imposition of a sentence for "a felony" in the singular and thus grants a trial court the authority to impose consecutive six-month sentences for multiple felonies. We find the state's reasoning unpersuasive for three reasons. First, although the singular reference to "a felony" may indicate, as the court of appeals concluded, "that multiple [sentences] may be imposed where the criminal has been found guilty of multiple felony offenses," that conclusion is immaterial to whether those sentences should be served *concurrently or consecutively*.

{¶ 16} Second, and most important, the six-month maximum jail sentence authorized by R.C. 2929.16(A)(2) is not an exception identified in R.C. 2929.41(A) and, therefore, is subject to the general rule that "a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment." R.C. 2929.41(A). Applying this rule to the instant case, we conclude that a trial court may not impose consecutive jail sentences under R.C. 2929.16(A)(2).[4] Indeed, we are unwilling to construe the unambiguous language in R.C. 2929.41(A) to achieve the end that could have been accomplished by notifying the defendant of the specific prison term to be imposed upon him if he were to violate the community control sanction. See R.C. 2929.19(B)(5).

{¶ 17} Finally, the state's position is inconsistent with the policy underlying the sentencing scheme in R.C. 2929.14(E)(4) and 2929.19(B)(2)(c). Those sections require trial courts that impose consecutive sentences to make statutorily enumerated findings and to give reasons supporting those findings for review on appeal. *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. R.C. 2929.16, however, contains no such requirement; thus, to hold that a trial court may impose consecutive sentences under that provision would be to treat similarly situated defendants differently and to provide appellate courts with no ability to review a trial court's findings or reasons for imposing consecutive sentences under R.C. 2929.16(A). We do not believe that the language in R.C. Chapter 2929 reflects an intention of the General Assembly to grant such unfettered discretion to the trial court.

{¶ 18} Nevertheless, we reiterate that our decision today does not limit the authority of the trial court to impose consecutive prison sentences under R.C.

---

4. The state asserts that "[i]f appellant's reasoning is to be followed, * * * it would logically follow that a judge could not" impose a combination of other community control sanctions authorized by R.C. 2929.16. Our decision today, however, does not command that result. Rather, our decision is predicated on R.C. 2929.41(A), which provides the general rule that multiple sentences of *imprisonment* shall run concurrently—subject only to the exceptions listed therein. Accordingly, our opinion does not address whether community control sanctions that are not sentences of "imprisonment" may be imposed consecutively or whether community control sanctions that do not imprison an offender may be combined. See R.C. 2929.16(A) ("The court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions under this section").

2929.14(E), which the General Assembly expressly provided as an exception to the general rule in R.C. 2929.41(A) that sentences of imprisonment shall run concurrently. Rather, our decision only addresses the narrow question of whether the trial court may impose consecutive jail sentences under R.C. 2929.16(A)(2). Given that the General Assembly did *not* enumerate R.C. 2929.16(A)(2) as an exception to the general rule in R.C. 2929.41(A), we must answer that question in the negative.

## III

{¶ 19} Accordingly, we hold that the trial court erred in sentencing Barnhouse to consecutive six-month jail sentences under R.C. 2929.16(A)(2). Our conclusion that the trial court erred in imposing consecutive jail terms renders moot Barnhouse's argument that he received ineffective assistance of counsel. We therefore reverse the judgment of the court of appeals and remand the cause to the trial court for resentencing.

Judgment reversed
and cause remanded.

WAITE, F.E. SWEENEY, PFEIFER, O'CONNOR and O'DONNELL, JJ., concur.

LUNDBERG STRATTON, J., dissents.

CHERYL L. WAITE, J., of the Seventh Appellate District, sitting for RESNICK, J.

---

**LUNDBERG STRATTON, J., dissenting.**

{¶ 20} I respectfully dissent from the majority's holding that a trial court may not impose consecutive jail sentences under R.C. 2929.16(A)(2). R.C. 2929.16(A) provides: "The court imposing a sentence for a felony * * * may impose any community residential sanction or combination of community residential sanctions under this section." (Emphasis added.)

{¶ 21} The General Assembly used the singular of the word "felony," indicating that each felony could warrant a separate sentence. In my view, had the General Assembly intended to prohibit consecutive jail sentences for each felony, it could have done so. The Ninth District Appellate Court put it well when it said, "It logically follows that multiple residential community sanctions may be imposed where the criminal defendant has been found guilty of multiple felony offenses." *State v. Culgan* (2001), 147 Ohio App.3d 19, 24, 768 N.E.2d 712.

{¶ 22} Nothing in the language of R.C. 2929.16 prohibits a sentencing court from ordering multiple consecutive residential community sanctions. Because I

believe that the plain language of the statute warrants a different result, I respectfully dissent and would affirm the judgment of the court of appeals.

---

C. David Warren, Athens County Prosecuting Attorney, and Michael R. Huff, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker, State Public Defender, and Charles B. Clovis, Assistant Public Defender, for appellant.