**STATE ex rel. ANDERSON**

v.

**WICHTMAN.**

[Cite as *State ex rel. Anderson v. Wichtman,* 160 Ohio App.3d 585, 2005-Ohio-1882.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–05–022.

Decided April 19, 2005.

</div>

586

Kathleen M. Hamm, for petitioner.

Raymond C. Fischer, Wood County Prosecuting Attorney, Aram Ohanian and Jacqueline M. Kirian, Assistant Prosecuting Attorneys; and Jeffrey L. Robinson, for respondent.

PIETRYKOWSKI, Judge.

{¶ 1} This matter is before the court on the petition of Ian Anderson for a writ of habeas corpus. Anderson contests his continued confinement in the Northwest Community Corrections Center, asserting that he has been confined beyond the time permitted by law and the sentencing court's order. Anderson and respondent, James F. Wichtman, Director of the Northwest Community Corrections Center, have filed an agreed statement of facts and briefs on this matter, and respondent has filed a motion to dismiss.

{¶ 2} Initially, we must address respondent's argument that the petition must be denied for Anderson's failure to comply with R.C. 2969.25(A). Finding that Anderson has filed the affidavit required by that statute, we hold that respondent's argument is without merit.

{¶ 3} The facts of this case are as follows. On April 12, 2004, Anderson entered a plea of guilty to the offense of possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony. On June 10, 2004, the trial court sentenced Anderson to three years' community control on a number of conditions, including that he "successfully complete the Lorain/Medina Based Correction Facility Program." The Lorain/Medina Based Correction Facility Program is a community-based correctional facility ("CBCF") as defined by R.C. 2929.01(E). At the June 10 sentencing hearing, Anderson was not properly notified of the consequences of his violating the conditions of his community control, as required by R.C. 2929.19(B)(5) and State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837.

{¶ 4} Anderson remained in the custody of the Lorain/Medina CBCF from June 10 through July 23, 2004, when he was discharged from the program after failing to complete it successfully. On October 5, 2004, Anderson stipulated to a

violation of a community-control sanction. On November 2, 2004, the case proceeded to a disposition at which the court acknowledged an error in the original sentencing order that precluded the imposition of a prison sentence for the violation. The court then entered an order modifying its June 10, 2004 order as follows: The court continued its previous orders of community control and added the conditions that Anderson "enter the Northwest Community Corrections Center and shall successfully complete the SEARCH Program including any recommendations for aftercare" and that he "shall report to the Wood County Adult Probation Department within 72 hours of his release from the SEARCH Program." The court also gave Anderson credit for "jail time" from June 10, 2004, to July 23, 2004. The Northwest Community Corrections Center ("NWCCC") is a CBCF as defined in R.C. 2929.01(E). Anderson was admitted to the SEARCH Program on November 5, 2004, and remains in its custody.

{¶ 5} Anderson claims that pursuant to R.C. 2929.16(A), the trial court had the authority to order him confined to a CBCF for only six months and that his incarceration at a CBCF now exceeds six months in that he spent 44 days in the Lorain/Medina facility and has now spent five months at the NWCCC. He therefore claims that his continued confinement is unlawful and that respondent is holding him beyond the time allowed by law.

{¶ 6} Initially, we must address the issue of whether Anderson has the right to challenge his present confinement through a habeas corpus petition. A writ of habeas corpus is an extraordinary writ that may not be issued by the court when an adequate remedy at law exists. *Adams v. Humphreys* (1986), 27 Ohio St.3d 43, 27 OBR 456, 500 N.E.2d 1373, and *Pettry v. McGinty* (1979), 60 Ohio St.2d 92, 14 O.O.3d 331, 397 N.E.2d 1190. Moreover, R.C. 2725.05 provides that if a person alleged to be restrained of his liberty is in the custody of an officer by virtue of a judgment or order of a court that had jurisdiction to issue the judgment or order, a writ of habeas corpus shall not be allowed. When errors in sentencing are alleged, adequate remedies at law exist by way of direct appeal and postconviction proceedings. *Blackburn v. Jago* (1988), 39 Ohio St.3d 139, 139–140, 529 N.E.2d 929.

{¶ 7} In the present case, the common pleas court sentenced Anderson for a community-control violation pursuant to R.C. 2929.15(B). That statute clearly gives a sentencing court jurisdiction to impose further sanctions on an offender who violates the conditions of his community control. Anderson claims, however, that respondent is holding him beyond the time set forth in his sentence and therefore no longer by virtue of a court order. Accordingly, because Anderson is not challenging the sentencing order itself, we find that he does have the right to challenge his current confinement by means of a habeas corpus petition.

{¶ 8} Although Anderson's petition is couched in terms of respondent's authority to hold him in confinement beyond a total term of six months, the petition and briefs raise matters of sentencing and require us to examine several sentencing statutes. R.C. 2929.16(A) provides:

{¶ 9} "The court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions under this section. * * * Community residential sanctions include, but are not limited to, the following:

{¶ 10} "(1) A term of up to six months at a community-based correctional facility that serves the county."

{¶ 11} R.C. 2929.19(B)(5) then states that if the sentencing court determines at the sentencing hearing that a community-control sanction should be imposed, "[t]he court shall notify the offender that, if the conditions of the sanction are violated * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."

{¶ 12} Finally, R.C. 2929.15(B) sets forth the court's options when an offender violates the conditions of a community-control sanction:

{¶ 13} "If the conditions of a community control sanction are violated * * * the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to [R.C. 2929.19(B)(3).] The court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed."

{¶ 14} R.C. 2929.16(A)(1) clearly provides that when sentencing an offender to a term in a CBCF as part of a community-control sanction for a felony conviction, the maximum term that the court can impose in that facility is six months. *State v. Lehman* (Feb. 4, 2000), 6th Dist. No. L–99–1140, 2000 WL

125795. When, however, the offender has violated the terms of his community control, R.C. 2929.15(B) and R.C. 2929.19(B)(5), when read together, allow the court to impose a more restrictive sanction under R.C. 2929.16 as long as the offender was notified at the original sentencing hearing of the possible consequences of his violating the conditions of his community control. When imposing a more restrictive sanction on an offender who has violated the terms of his community control, the sentencing court may, at its discretion, reduce the time that the offender is required to spend under the longer sanction by the time that the offender successfully spent under the original sanction. See *State v. Dunaway*, 12th Dist. No. CA2001–04–048, 2002-Ohio-2316, 2002 WL 975281.

{¶ 15} In the present case, the parties have stipulated that at his original sentencing hearing of June 10, 2004, the court did not properly notify Anderson of the possible consequences of his violating the conditions of his community control. The Supreme Court of Ohio has held that the notice requirements of R.C. 2929.19(B)(5) are mandatory. *State v. Brooks*, supra, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 15. Accordingly, upon Anderson's violation of his community control, the sentencing court had no authority to impose upon him a longer time under the same sanction, a more restrictive sanction, or a prison term. The court appears to have recognized this problem when it ordered Anderson to complete the SEARCH program and gave him credit for time served in the Lorain/Medina program. Because Anderson has now spent in excess of six months in a CBCF, respondent has no authority to continue to hold him, and Anderson's petition for a writ of habeas corpus must be granted.

{¶ 16} Finding respondent's incarceration of Anderson unconstitutional for the aforementioned reasons, we hereby grant Anderson's petition for habeas corpus relief.

{¶ 17} It is the order of this court that petitioner, Ian Anderson, be released from the control and supervision of respondent, James F. Wichtman, Director of the Northwest Community Corrections Center. We hereby depute the Sheriff or a deputy of the Wood County Sheriff's Department to serve respondent with a copy of this decision and judgment entry forthwith. Costs assessed to respondent.

Writ granted.

SINGER, P.J., and SKOW, JJ., concur.