The STATE of Ohio, Appellee,

v.

FRIESEL, Appellant.

[Cite as *State v. Friesel,* 168 Ohio App.3d 198, 2006-Ohio-3870.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–04–1346.

Decided July 28, 2006.

Julia R. Bates, Lucas County Prosecuting Attorney, and Eric A. Baum, Assistant Prosecuting Attorney, for appellee.

Kollin L. Rice, for appellant.

SKOW, Judge.

{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, which imposed local jail incarceration as a more restrictive sanction for appellant's violation of his conditions of community control. Because we conclude that the trial court properly imposed a term of incarceration at a community-based correctional facility, we affirm.

{¶ 2} On June 25, 2003, appellant, James W. Friesel, pleaded no contest to and was found guilty of failure to verify, a violation of R.C. 2950.06(F). The court sentenced appellant to two years of community control, with certain conditions. On July 23, 2003, the trial court, sua sponte, amended the conditions of community control regarding appellant's sentence, "upon the recommendation of the Lucas County Adult Probation Department * * * and for good cause shown."

{¶ 3} On November 13, 2003, appellant admitted to a community-control violation. The court continued his community control but imposed an additional condition that he be committed to the correctional treatment facility with no violations for 90 days. On November 5, 2004, the court again found appellant to be in violation of his community-control conditions. The court ordered that appellant's community control was to be "terminated as unsuccessfully completed upon completion of 120 days at the Corrections Center of Northwest Ohio."

{¶ 4} Appellant now appeals from that judgment, arguing the following sole assignment of error:

{¶ 5} "The trial court erred in imposing sentence of local incarceration for a community control violation in light of the lack of proper notice in the original sentence."

{¶ 6} R.C. 2929.19(B)(5), which provides requirements for a court when imposing community-control sanctions during the initial sentencing hearing, states:

{¶ 7} "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, *may impose a more restrictive sanction,* or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis added.) Therefore, R.C. 2929.19(B)(5) required the trial court to indicate a specific term only if it elected to impose a prison sentence upon a defendant. Serving time in a local "jail" as a part of community-control sanctions is not the same as serving a prison sentence. *State v. Cook* (Dec. 7, 2000), 8th Dist. No. 77101, 2000 WL 1806994; R.C. 2929.01(F) and (U).

{¶ 8} At the time of appellant's November 5, 2004 sentencing for his community-control violation, R.C. 2929.15(B) provided as follows:

{¶ 9} "If the conditions of a community control sanction are violated * * *, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, *may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code,* or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code." R.C. 2929.16 provides for "community residential sanctions" which include, among others, "up to six months at a community-based correctional facility that serves the county" and "up to six months in a jail." (Emphasis added.)

{¶ 10} Thus, under either R.C. 2929.15(B) or R.C. 2929.19(B)(5), when an offender has violated the terms of his community control, the court has the authority to impose a more restrictive sanction, as long as the offender was notified at the original sentencing hearing that such a sanction might be imposed as a possible consequence of his violation of the conditions of his community control. *State ex rel. Anderson v. Wichtman,* 160 Ohio App.3d 585, 828 N.E.2d 169, 2005-Ohio-1882, at ¶ 14. Nothing in either statute requires the designation of specific terms for "more restrictive sanctions" because the statutory language for incarceration in a local jail facility is self-limiting. When sentencing an offender to a term in a community-based correctional facility as part of a community-control residential sanction, the maximum statutory term that the court can impose in that facility is six months. R.C. 2929.16(A)(1); *Wichtman,* supra. R.C. 2929.01(E) defines "community-based correctional facility" as "a

community-based correctional facility and program or district community-based correctional facility and program developed pursuant to sections 2301.51 to 2301.56 of the Revised Code."

{¶ 11} In the present case, the trial court correctly acknowledged that since it had failed during the initial sentencing hearing in June 2003 to specify an exact prison term for a community-control violation, it was prohibited from imposing any prison term. See *State v. Brooks*, 103 Ohio St.3d 134, 814 N.E.2d 837, 2004-Ohio-4746, paragraph two of the syllabus; *State v. Lehman* (Feb. 4, 2000), 6th Dist. No. L–99–1140, 2000 WL 125795; *State v. Lutman* (June 30, 1999), 6th Dist. No. L–97–1447, 1999 WL 435196. The court then imposed a term of incarceration at CCNO, a community-based correctional facility.

{¶ 12} Appellant argues that despite the statutory differentiation between "prison" and "community-based correctional facility," both should have to meet the specific sentencing requirement delineated in *Brooks*. Appellant claims that since the court did not specify a *prison* sentence at his original sentencing hearing in June 2003, he cannot be sentenced to *any* incarceration because incarceration in a local jail is "the functional equivalent of prison." See *Woods v. Telb* (2000), 89 Ohio St.3d 504, 516, 733 N.E.2d 1103. *Woods,* however, held that for the purposes of crediting an offender for time served, incarceration in a jail versus a prison was of little difference—an offender receives credit for time served in either facility. Nothing in the present case has anything to do with credit for time served or incarceration in prison. Consequently, *Woods* and *Brooks* are inapplicable, and the analogy and argument suggested by appellant are wholly without merit.

{¶ 13} In appellant's case, having warned appellant at his original sentencing that more restrictive sanctions could be imposed for community-control violations, the trial court sentenced appellant to 120 days at CCNO, a community-based corrections facility that is not a prison. The court was not required to warn him of a specific time for more restrictive sanctions imposed at a local jail facility, and the term imposed was well under the six-month statutory limit. Therefore, the trial court's imposition of incarceration at CCNO for appellant's community-control violation was proper. Accordingly, appellant's sole assignment of error is not well taken.

{¶ 14} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment affirmed.

SINGER and PARISH, JJ., concur.