DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Wood County Court of Common Pleas, which revoked appellant's community control sanction. Because we find that the trial court properly imposed a term of incarceration at a community-based correction facility, we affirm. *Page 2 
 {¶ 2} On November 21, 2005, appellant pled guilty to the charge of breaking and entering, a violation of R.C. 2911.13(A). The court then sentenced appellant to three years community control, including 180 days in the SEARCH Program, which is a secure treatment program through the Northwest Community Correction Center. Appellant was advised that violation of community control could lead to one year in prison.
 {¶ 3} Specifically, the state alleged that appellant refused to participate in the SEARCH Program. On February 24, 2006, the court revoked appellant's community control and sentenced him to eleven months in prison, with 110 days time served credit as of February 24, 2006.
 {¶ 4} Appellant now appeals from that judgment, arguing the following sole assignment of error:
 {¶ 5} "The trial court erred in fashioning its sentence for appellant under Ohio Revised Code Section 2929.16."
 {¶ 6} R.C. 2929.16(A) states, "the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions." The statute provides that community residential sanctions include up to six months at a community-based correctional facility and up to six months in jail. State v.Friesel, 168 Ohio App.3d 217, 2006-Ohio-3870, ¶ 9.
 {¶ 7} Appellant argues that the court is required to credit any pre-trial incarceration to a community control sentence under R.C.2967.191. The statute provides that a prison *Page 3 
term shall be reduced by "the number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial. . ." R.C. 2967.191.
 {¶ 8} Community control is a "sanction that is not a prison term." R.C. 2929.01(F). This court has also stated, "When a court sentences an offender to community control, the offender is placed under the general control and supervision of the department of probation in the county that serves the sentencing court. . ." State v. Fairbank, 6th Dist. Nos. WD-06-015, WD-06-016, 2006-Ohio-6180, ¶ 14.
 {¶ 9} In the present case, the trial court was not required to mitigate appellant's 180 day sentence in a community-based correction facility. R.C. 2929.16 allows the court to impose both 180 days in jail as well as 180 days at a community based correction facility. Therefore, any time appellant spent in jail as a result of this offense is irrelevant to appellant's time required at a community-based correction facility. Furthermore, the court was not required to mitigate the time served on community control since the language of R.C. 2967.191
specifically applies to prison sentences. Since community control is not a prison term, the statute does not apply to this case. Accordingly, appellant's assignment of error is without merit.
 {¶ 10} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal are awarded to Wood County. *Page 4 
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1