[Cite as *State v. Peterson*, 2015-Ohio-4581.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102428

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEANE PETERSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-586279-A

**BEFORE:** Boyle, J., Celebrezze, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 5, 2015

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
700 W. St. Clair Avenue
Suite 212
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Lon'Cherie' D. Billingsley
            Brett Hammond
Assistant County Prosecutors
1200 Ontario Street
Cleveland, Ohio    44113

MARY J. BOYLE, J.:

**{¶1}** Defendant-appellant, Deane Peterson, appeals his sentence, raising the following single assignment of error:

> The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and H.B. 86.

**{¶2}** Finding no merit to the appeal, we affirm but remand for correction.

### Procedural History and Facts

**{¶3}** In November 2014, Peterson pleaded guilty to an amended indictment on a single count of robbery, a violation of R.C. 2911.02(A)(3), a third-degree felony. Peterson further agreed to pay restitution to the victim in the amount of $800. One month later, the trial court held the sentencing hearing, following its referral of Peterson for a presentence investigation report.

**{¶4}** After hearing from the prosecutor, defense counsel, and Peterson, the trial court ultimately concluded that Peterson should be afforded the opportunity to get help for his drug problem. Instead of imposing a prison term, the trial court imposed two years of community control sanctions, sentencing Peterson to 180 days in local incarceration with five days jail-time credit followed by six months in a community-based correctional facility. The trial court further informed Peterson that if he violated the terms and conditions of his community control, which included among other things random drug tests, the trial court may impose more restrictive sanctions.

**{¶5}** From this order, Peterson appeals, challenging his confinement in the local jail and a community-based correctional facility for a combined period of one year.[1]

## Application of R.C. 2929.14(C)(4)
## to Imposition of Community Control Sanctions

**{¶6}** In his sole assignment of error, Peterson argues that the trial court lacked the authority to order him to serve consecutive time when it failed to comply with R.C. 2929.14(C)(4). Although Peterson acknowledges that the trial court did not impose a "prison" sentence, he nonetheless contends that the trial court lacked authority to impose six months jail time followed by six months in a community-based correctional facility without making the required findings for a consecutive sentence under R.C. 2929.14(C)(4). This argument, however, has no merit.

**{¶7}** R.C. 2929.14(C)(4) authorizes a trial court to order multiple prison terms to be served consecutively if the trial court makes certain findings enumerated in the statute. If a trial court fails to make the required findings under R.C. 2929.14(C)(4) to support the imposition of consecutive sentences, the sentence is contrary to law and cannot stand. *Beachwood v. Chatmon*, 8th Dist. Cuyahoga Nos. 101767 and 101768, 2015-Ohio-425, ¶ 7-8, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. But this statute has no application in the current case. The statute applies only to consecutive "prison terms" for convictions of "multiple offenses." *See State v.*

---

[1] According to the docket, Peterson has subsequently been found to have violated the terms of his community control and has been sentenced to 18 months in prison. That case has been separately appealed and is currently pending.

*Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874. Peterson was not sentenced to a prison term nor was he convicted of multiple offenses. *See State v. Friesel*, 168 Ohio App.3d 198, 2006-Ohio-3870, 858 N.E.2d 1266, ¶ 7 (6th Dist.), citing *State v. Cook*, 8th Dist. Cuyahoga No. 77101, 2000 App. LEXIS 5712 (Dec. 7, 2000) (recognizing that "[s]erving time in a local 'jail' as part of community control sanctions is not the same as a prison sentence").

{¶8} Peterson cites to this court's decision in *State v. Purvis*, 8th Dist. Cuyahoga No. 101608, 2015-Ohio-1149, in support of his claim that the trial court had to make findings under R.C. 2929.14(C). We find *Purvis* distinguishable because it dealt with multiple counts.

{¶9} Accordingly, we find no merit to Peterson's claim that the trial court had to make findings under R.C. 2929.14(C) prior to imposing the underlying sentence.

### Application of *Barnhouse* and *Anderson*

{¶10} Peterson further argues that the Ohio Supreme Court's decisions in *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, and *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, support his claim that the imposition of six months in jail, followed by six months in a community-based correctional facility, are not authorized under the law. Specifically, he argues that both are terms of imprisonment and are subject to the general rule that "a sentence of imprisonment shall be served concurrently with any other * * * sentence of imprisonment." R.C. 2929.41(A).

**{¶11}** We find no basis to conclude that the trial court's sentence in this case is unlawful according to the principles explained in *Barnhouse* or *Anderson*.

**{¶12}** In *Barnhouse*, the defendant pleaded guilty to two counts of nonsupport of a dependent. In July 1999, the trial court imposed a one-year suspended prison term and "up to five years of community control." *Id.* at ¶ 2. One year later, the defendant was indicted on numerous counts of nonsupport of dependents and ultimately pleaded no contest to two counts. Upon finding defendant guilty of the two violations, the trial court again imposed a sentence of "up to five years of community control." *Id.* at ¶ 3. Thereafter, the defendant violated multiple conditions of his community control and the trial court subsequently sentenced him to serve two six-month jail terms pursuant to R.C. 2929.16(A) and ordered them consecutive. The defendant appealed, and the issue before the Ohio Supreme Court was whether a trial court may impose consecutive jail sentences under R.C. 2929.16(A). *Id.* at ¶ 8.

**{¶13}** The Ohio Supreme Court ultimately concluded that the trial court lacked the authority to order the jail sentences consecutive because the presumption of concurrent sentences as stated in R.C. 2929.41 governed. *Id.* at ¶ 18. Specifically, the court found that none of the exceptions to concurrent sentences as stated in R.C. 2929.41(A) applied, which would warrant the imposition of consecutive sentences. *Id.*

**{¶14}** We find *Barnhouse,* 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, distinguishable from the instant case for a simple reason: this case involves a singular sentence — not multiple sentences. The presumption of concurrent sentences contained

in R.C. 2929.41(A) applies when a trial court is imposing "multiple sentences." This case does not involve the imposition of multiple sentences on multiple counts. Instead, the trial court sentenced Peterson to two years community control sanctions on a single count.

{¶15} A "community control sanction" is defined by R.C. 2929.01(E) as a sanction that is not a prison term and is described in R.C. 2929.15 (community control), 2929.16 (residential sanctions), 2929.17 (nonresidential sanctions), and 2929.18 (financial sanctions). *State v. Farner*, 5th Dist. Ashland No. 2011-COA-025, 2012-Ohio-317, ¶ 12. R.C. 2929.15(A) provides as follows in relevant part:

> If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code.

{¶16} Under R.C. 2929.16 (residential sanctions), "the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or *combination of community residential sanctions under this section*." (Emphasis added.) Specifically, R.C. 2929.16 authorizes the trial court to impose a term of up to six months at a community-based correctional facility that serves the county and a term of up to six months in jail. R.C. 2929.16(A)(1), (2). Under the plain language of R.C. 2929.16, the trial court was expressly authorized to impose six months in jail, followed by six months in a community-based correctional

facility. Because this case does not involve multiple sentences being served consecutively, *Barnhouse* is distinguishable.

{¶17} In this case, the crucial issue is not whether a jail sentence or a sentence to a community-based correctional facility is a sentence of imprisonment. According to *Barnhouse,* 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, and its reliance of R.C. 1.05(A), they are. But the need to define "imprisonment" in *Barnhouse* arose only because the court was determining whether the presumption of concurrent sentences applied as stated in R.C. 2929.41. Again, this statute only applies when a court is imposing multiple sentences. This case falls outside of the *Barnhouse* holding but squarely under R.C. 2929.15 and 2929.16. And given that these statutes expressly authorize a trial court to impose a combination of community controlled sanctions, which includes up to six months in jail and up to six months in a community-based correctional facility for the same offense, we find that the sentence is not contrary to law.

{¶18} For the same reason, we find no basis to conclude that *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, supports Peterson's claim that the sentence cannot stand. In *Anderson*, the Ohio Supreme Court reiterated the longstanding rule that "'the only sentence which a trial judge may impose is that provided for by statute * * *.'" *Id.* at ¶ 12, quoting *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), quoting *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). As to the ultimate issue of whether a trial court could impose both a prison term and a community controlled sanction for the same offense, the court held that, "absent an express

exception, the court must impose either a prison term or a community-control sanction or sanctions." *Id.* at ¶ 31.

**{¶19}** Having already found that the sentence imposed is expressly authorized by statute, we find that the trial court's actions in this case is consistent with the holding in *Anderson,* 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512.

**{¶20}** Accordingly, we find no merit to Peterson's sole assignment of error and overrule it.

**{¶21}** We note, however, that the journal entry fails to specify Peterson's term at the community-based correctional facility, despite the trial court stating so at sentencing in accordance with R.C. 2929.16(A)(1). Therefore, we remand the matter for the limited purpose of issuing a nunc pro tunc entry to correct the sentence in accordance with R.C. 2929.16(A)(1). *State v. Moore*, 8th Dist. Cuyahoga No. 102242, 2015-Ohio-3233, ¶ 8, citing *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 17-20.

**{¶22}** Judgment affirmed and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
PATRICIA ANN BLACKMON, J., CONCUR