[Cite as *State v. Smith*, 2018-Ohio-4188.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18-COA-002 |
| EARLANA V. SMITH | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Ashland County Court of Common Pleas, Case No. 16-CRI-008

JUDGMENT:      Vacated and Remanded

DATE OF JUDGMENT ENTRY:      October 12, 2018

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| CHRISTOPHER R. TUNNEL | BRIAN A. SMITH |
| Ashland County Prosecutor's Office | 755 White Pond Drive, Ste. 403 |
| 110 Cottage Street, 3rd Floor | Akron, OH 44320 |
| Ashland, OH 44805 | |

*Gwin, P.J.*

{¶1} Appellant Earlana V. Smith ["Smith"] appeals from the December 21, 2017 Judgment Entry of the Ashland County Court of Common Pleas that denied her motion to dismiss and the January 2, 2018 Judgment Entry continuing her community control and imposing sixty days of electronically monitored house arrest.

*Facts and Procedural History*

{¶2} On March 14, 2016, Smith pleaded guilty to Possession of Heroin, a fifth degree felony in violation of 2925.11(A) [Count One], and Illegal Conveyance of Drugs Onto Grounds of a Detention Facility, a third degree felony in violation of 2921.36(A) [Count Two].

{¶3} On August 25, 2016, in its Nunc Pro Tune Judgment Entry, the trial court found,

> Upon a consideration of the purposes and principles of the felony sentencing law and the statutory sentencing factors, and after further weighing the above findings, the Court finds that the Defendant is amenable to community control sanctions as to Count One, and that a community control sentence is consistent with the purposes and principles of the felony sentencing law of Ohio. The Court further finds that the community control sentence would demean the seriousness of the offense set forth in Count Two, and that a prison sentence is appropriate for the Count Two offense.

{¶4} Thereafter the court sentenced Smith to nine months in prison, with three years of post-release control on Count Two, and further,

As stated in Count One of the Indictment for the Count One offense POSSESSION OF HEROIN, in violation of Ohio Revised Code Section 2925.11(A), a felony of the fifth (5th) degree, the Defendant shall be screened for admission to the CROSSWAEH Community Based Correctional Facility, *following* completion of the prison sentence imposed for Count Two.

Emphasis in original. The trial court also placed Smith on probation for three years following release from the CBCF. The trial court credited Smith with one-hundred and fifty-eight days incarceration against the jail sanction for time served. Smith served the remainder of her nine months incarceration in prison and completed her six months at the CBCF. Smith was then released and placed on community control.

{¶5} On November 6, 2017, Smith was charged with violating the terms and conditions of her community control as part of her sentence on Count One. On December 6, 2017, Smith filed a "Motion to Dismiss Community Control Violations and to Terminate Community Control Sanctions." Smith argued that if she were properly credited with all time spent in confinement, Smith had served more than the maximum time that she could be sentenced for a felony of the fifth degree.

{¶6} On December 21, 2017, following a hearing, the trial court denied Smith's Motion to Dismiss Community Control Violation and to Terminate Community Control Sanctions, and accepted her admission to the violation. On January 2, 2018, the trial court sentenced Smith to sixty days on house arrest, "as and for a residential sanction for the violation of the terms and conditions of the Defendant's community control supervision."

*Assignments of Error*

**{¶7}** Smith raises two assignments of error,

**{¶8}** "I. APPELLANT'S SENTENCE WAS CONTRARY TO LAW.

**{¶9}** "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS COMMUNITY CONTROL VIOLATION AND TO TERMINATE CONUNUNITY CONTROL SANCTIONS."

I & II.

**{¶10}** In her two assignments of error, Smith argues that the community control violation referenced only Count One, which was a felony of the fifth degree. Accordingly, the maximum possible term of incarceration Smith could face was twelve months. R.C. 2929.14(A)(5). Smith contends that she has completed the maximum period of confinement and the trial court failed to properly credit her sentence on Count One with the time she has spent in confinement. Because she has completed the sentence for Count One, Smith argues that the trial court did not have jurisdiction to impose any penalty for violation of her community control sanctions.

**STANDARD OF APPELLATE REVIEW**

**{¶11}** "'When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate. *See Swartzentruber v. Orrville Grace Brethren Church,* 163 Ohio App.3d 96, 2005-Ohio-4264, 836 N.E.2d 619, ¶ 6; *Huntsman v. Aultman Hosp.*, 5th Dist. No. 2006 CA 00331, 2008-Ohio-2554, 2008 WL 2572598, ¶ 50.' *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13." *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶6. This Court reviews de novo a trial court's refusal to dismiss a violation of

community control for lack of subject matter jurisdiction. *State v. McQuade*, 9th Dist. Medina No. 08CA0081–M, 2009-Ohio-4795, ¶ 6; *Accord, State v. Meyer,* 9th Dist. Summit No. 26999, 2014-Ohio-3705, ¶8.

ISSUE FOR APPEAL

*Whether the trial court lost jurisdiction to sanction Smith for a violation of community control because she completed the maximum term of confinement on the underlying offense.*

**(a). Concurrent vs. consecutive sentences.**

{¶**12**} The Ohio General Assembly provided the rules for determining whether a defendant should serve concurrent or consecutive sentences in R.C. 2929.41. That section provides:

(A) Except as provided in division (B) of this section, *division (C) of section 2929.14,* or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment *shall be served concurrently* with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

(B)(1) A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be

served consecutively or when it is imposed for a misdemeanor violation of

section 2907.322, 2921.34, or 2923.131 of the Revised Code.

Emphasis added.    R.C. 2971.03 does not apply to Smith's case.[1] Smith was not

sentenced for a misdemeanor offense, thus R.C. 2929.41(B) does not apply to the case

at bar.

{¶13} R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences.  In

Ohio, there is a statutory presumption in favor of concurrent sentences for most felony

offenses.  R.C. 2929.41(A).  The trial court may overcome this presumption by making

the statutory, enumerated findings set forth in R.C. 2929.14(C)(4).  *State v. Bonnell*, 140

Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23.  This statute requires the trial court

to undertake a three-part analysis.  *State v. Alexander*, 1st Dist. Hamilton Nos. C–110828

and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.  In *State v. Bonnell*, 140 Ohio

St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659,  the Supreme Court of Ohio held that in

order to impose consecutive terms of imprisonment, a trial court is required to make the

findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its

findings into its sentencing entry.  Id. at the syllabus.  A failure to make the findings

required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law.  *Bonnell,*

¶34.

{¶14} In the case at bar, the trial court did not make any of the findings required

by R.C. 2929.14(C)(4) at the sentencing hearing or in the sentencing entry.  Accordingly,

---

[1] R.C. 2971.03 Sentence for offender convicted of violent sex offense and sexually violent predator specification; sentence for offender convicted of designated homicide, assault, or kidnapping offense and both a sexual motivation and sexually violent predator specification.

the sentences on Count One and Count Two in the case at bar must run concurrently. R.C. 2929.41(A).

**(b). Community Control sanctions.**

{¶15} The Ohio Supreme Court has approved sentences in which a trial court imposes community control consecutive to a prison term. In *State v. Paige,* the defendant entered pleas of guilty to one count each of sexual battery, abduction, and domestic violence. The sexual-battery and abduction counts merged and appellant was sentenced on the sexual-battery count. On that count, he was sentenced to a prison term of 42 months, followed by five years of mandatory post-release control. On the domestic violence count, the defendant was sentenced to a term of five years of community control. The community-control sanction included a requirement that upon his release from prison, he must be assessed for and successfully complete a term in a CBCF. Upon direct appeal, the Eighth District found this to be an impermissible "split sentence" because the defendant spent part of the domestic-violence sentence in prison and part in a CBCF. 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 3-4.

{¶16} The Ohio Supreme Court found this was not a split sentence because the trial court imposed the prison term upon the sexual battery count separately from the community-control term upon the domestic violence count. *Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 9-10.The defendant further argued, however, that the trial court improperly ordered him to complete the CBCF requirement after the completion of the prison term because this constitutes an improper consecutive term of imprisonment. The Supreme Court agreed as follows:

Notably, the state concedes that the trial court erred when it ordered Paige's placement in a CBCF upon his release from prison. R.C. 2929.41(A) provides that a "prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed" unless a statutory exception applies. (Emphasis added.) Pursuant to R.C. 1.05(A), "imprisonment" includes a term in a CBCF. Thus, a term of confinement in a CBCF is a "sentence of imprisonment" under R.C. 2929.41(A).

A confinement term in a CBCF is a permissible community-residential sanction for certain felony offenders pursuant to R.C. 2929.16(A)(1). But here, none of the statutory exceptions in R.C. 2929.41(A) apply to permit the CBCF term to run consecutively to the prison term imposed on the sexual-battery count. *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229, ¶ 16 (8th Dist.); *see also State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874 (concluding that because the General Assembly expressly provided statutory exceptions to the general rule that sentences of imprisonment must be run concurrently and because jail sentences did not qualify as an exception under R.C. 2929.41(A), jail sentences may not be imposed consecutively). Accordingly, the trial court had no statutory authority to order, as part of the community-control sanction, that Paige be placed in a CBCF after his completion of the separate prison term. Judges must impose only those sentences provided for by statute. *Anderson*, 143 Ohio St.3d 173, 2015-

Ohio-2089, 35 N.E.3d 512, at ¶ 12. Thus, the trial court's imposition of a CBCF term as a community-control sanction, to be served consecutively to a prison term imposed on a separate offense, was improper.

We turn, then, to the remedy. The state asserts that the proper remedy is to vacate only the improperly imposed residential sanction and leave the remaining conditions of the community-control sentence intact. We agree with this approach here. Under R.C. 2929.15(A)(1), a court may impose on a felony offender who is not required to serve a mandatory prison term one or more community-control sanctions authorized by statute. Here, the trial court imposed a five-year period of community-control supervision with a number of conditions, including completion of anger-management training, a no-contact order, and placement in a CBCF (as discussed above). Because vacating the improperly imposed CBCF term does not disturb the remainder of the community-control sentence, we conclude that the proper remedy is to vacate only that portion of the community-control sentence.

*Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 12-14.

{¶17} *Paige* is important to the analysis in the instant case because the parties agree that Smith completed a six-month stay at the CBCF. In following *Paige*, however, we have no choice but to find that the trial court did not have statutory authority to order, as part of the original sentence, Smith's placement into a CBCF as part of her community-control sanction after her completion of the separate prison term.

{¶18} The remedy in *Paige* was to vacate the residential sanction and leave the remainder of the sentence intact. In the instant case, the CBCF portion of the sentence has already been served. Time spent in a CBCF qualifies as "confinement" and should be credited towards a prison sentence after conditions of the community control are violated. *State v. Napier,* 93 Ohio St.3d 646, 648, 2001-Ohio-1890, 758 N.E. 2d 1127. In the case at bar, Smith is entitled to a credit of 180-days toward her sentence on Count One for the time she had spent in the CBCF.

**(c). Jail time credit.**

{¶19} R.C. 2967.191, states that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."

{¶20} The Ohio Administrative Code provides additional details regarding when a prisoner is entitled to jail-time credit and how to calculate a prison term, considering the credit. Most relevant to the question before us is Ohio Adm.Code 5120–2–04(F), which states that "[i]f an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the adult parole authority shall independently reduce each sentence or stated prison term for the number of days confined for that offense. Release of the offender shall be based upon the longest definite, minimum and/or maximum sentence or stated prison term after reduction for jail time credit."

{¶21} In *State v. Fugate,* the Ohio Supreme Court held,

Thus, in order to satisfy this objective, when concurrent prison terms are imposed, courts do not have the discretion to select only one term from

those that are run concurrently against which to apply jail-time credit.  R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held.  If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges.  So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.

117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶12.

**{¶22}** R.C. 2929.15(B)(1)(c) permits a trial court to impose a prison sentence upon an offender who violates conditions of community control sanctions.  That prison term, however, "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code."  R.C. 2921.15(B)(3).  In the case at bar, Smith was informed that a violation of conditions of community control sanctions could result in a 12-month prison sentence. *Nunc Pro Tunc- Judgment Entry-Sentencing*, filed Aug 25, 2016 at 6.

**{¶23}** In the case at bar, as already noted because none of the exceptions to R.C. 2929.41 applies, Smith's sentences must run concurrently.  Because none of the statutory exceptions in R.C. 2929.41(A) applies to permit a prison term for Count One to run consecutively to the prison term imposed on Count Two, *Paige* would also prohibit the trial court from imposing a twelve month sentence for a violation of Community Control on Count One consecutively to the nine month prison sentence imposed on Count Two.

A *twelve-month* sentence would be an impermissible consecutive sentence.  In other words, Smith having served 9 months would then be required to serve an additional 12 months in prison, for a total of 21 months in prison.  That would, in reality, be imposing a consecutive sentence, not at the original sentencing hearing or in the original sentencing entry as mandated by *Bonnell*, but, rather, after Smith violated the conditions of community control.  To hold a trial court may impose consecutive sentences under R.C. 2929.15(B)(1)(c), would allow a trial court to impose consecutive sentences without the trial court making the required statutorily mandated findings.  *Cf. State v. Barnhouse,* 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, ¶17.  A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law.  *Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶34.

{¶24}  Thus, if the trial court imposed a prison sentence upon a finding that Smith had violated the Community Control sanctions on Count One, the trial court must give credit on Count One for all periods Smith was confined upon a finding that Smith had violated the Community Control sanctions.  *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440.

{¶25} In the case at bar, the trial court granted Smith credit for all pre-trial confinement toward the nine-month prison sentence imposed for Count Two.  Thus, Smith would have served nine months less the time credited for pre-trial detention pending her delivery to the institution.  Because any prison sentence imposed upon Count One must be served concurrent to the already served nine-month prison sentence imposed on Count Two, the trial court would be required to grant Smith credit for the nine-month sentence.  The maximum sentence that Smith could be sentenced to for Count One is

twelve months. Thus, the trial court could only sentence Smith to serve a period of three months on Count One (12 months – 9 months credit). However, Smith served six months in the CBCF. Smith's time in the CBCF should be credited towards a prison sentence after conditions of the community control are violated. *State v. Napier,* 93 Ohio St.3d 646, 648, 2001-Ohio-1890, 758 N.E. 2d 1127. Thus, Smith has served more than the maximum sentence on Count One because the trial court would have no authority to impose a consecutive prison sentence for Count One. (9 months prison + 6 months CBCF = 15 months).

{¶26} In the case at bar, Smith has already completed the maximum sentence on Count One. Therefore, the trial court did not have jurisdiction to impose any community control sanctions upon Smith for her violation.

**(d). Conclusion.**

{¶27} Because no exception to R.C. 292941 applies, Smith's sentence on Count One must run concurrently to her sentence on Count Two. As Smith's sentences were concurrent, Smith must be given credit for all time spent in confinement on each count. The time Smith spent in confinement exceeds the maximum sentence for the offense for which she was placed on Community Control. Therefore, Smith is no longer subject to Community Control on Count One.

{¶28} Smith's First and Second Assignments of Error are sustained.

{¶29} The judgment of the Ashland County Court of Common Pleas is vacated and the case is remanded for proceedings in accordance with our opinion and the law.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur