[Cite as *State v. Moore*, 2015-Ohio-3233.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102242**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GREGORY D. MOORE

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED; REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-586697-A

**BEFORE:** Kilbane, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 13, 2015

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Eric Foster
Daniel Van
Assistant County Prosecutors
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Gregory Moore ("Moore"), appeals from his sentence for domestic violence. For the reasons set forth below, we affirm the judgment, but remand for the issuance of a nunc pro tunc sentencing entry.

{¶2} In July 2014, Moore was charged with domestic violence, which carried a furthermore specification listing two prior domestic violence convictions against the same victim as the instant case. The charge arises from an incident where Moore pushed the victim, his partner of 14 years, off her bed, punched her several times in the face and head, choked her, and threatened to kill her with a baseball bat.

{¶3} Pursuant to a plea agreement, Moore pled guilty to an amended count of domestic violence. The trial court nolled one of Moore's prior convictions as listed in the furthermore clause, thereby reducing the charge to a fourth-degree felony as opposed to a third-degree felony. The matter proceeded to sentencing in October 2014. Prior to imposing its sentence, the trial court stated that it took "into account the seriousness of the situation and [Moore's] conduct, and * * * the seriousness of [Moore's] alcohol issues and [his] other medical issues." The court further stated that "[b]ased on the information that I've listened to today * * *, I have decided not to put you in prison. It was a very close case but you are going to spend 180 days in county jail * * * [with a] jail time credit of 114 days[.]" The court also ordered that Moore be evaluated for treatment at a community-based correctional facility ("CBCF") for his substance abuse and anger management issues. The court stated that Moore "will be, in effect, between [his] jail

time credit, the amount of time in jail and CBCF, approximately out of the community for nine months to a year total time." The court then ordered Moore to complete inpatient treatment, if necessary, after completing treatment at the CBCF.

{¶4} The court journalized Moore's sentence in an entry dated October 23, 2014. In the entry, Moore is ordered to three years of community control sanction with the following conditions: (1) 180 days in jail with 114 days of jail-time credit; (2) community residential sanctions, under R.C. 2929.16(A)(1), with placement into the Judge Nancy R. McDonnell CBCF; and (3) inpatient treatment, after completion at the CBCF, if Treatment Alternatives to Street Crime ("TASC") believes it is still necessary. If Moore is not eligible for the program at CBCF, the court ordered that he be transferred to an inpatient alcohol treatment facility when a bed is available.

{¶5} It is from this order that Moore appeals, raising the following single assignment of error for review.

Assignment of Error

The trial court acted contrary to law in imposing an indefinite sentence of commitment to a community based correctional facility.

{¶6} Moore argues the trial court erred when it imposed the sentence to the CBCF without imposing a specific term. Under R.C. 2929.16(A)(1), the trial court may impose community residential sanctions, which includes "[a] term of up to six months at a community-based correctional facility that serves the county[.]" Because of the six-month maximum term at the CBCF, Moore contends that any term that exceeds the six-month period is contrary to law. He claims that without a specific number of days to

be spent at the CBCF, he could possibly be committed indefinitely. The state, on the other hand, argues that trial court should not be required to impose a specific term at a CBCF. It maintains that the staff at the CBCF should determine the length of a defendant's commitment to avoid early release or unnecessary treatment.

{¶7} By advising defendants of the maximum term allowed by law, the trial court would comply with truth in sentencing procedures, which aim to eliminate indefinite sentences in favor of specific terms to increase certainty and predictability in sentencing. *Woods v. Telb*, 89 Ohio St.3d 504, 508, 2000-Ohio-171, 733 N.E.2d 1103. The General Assembly has explicitly set forth the term in R.C. 2929.16(A)(1) as a period of up to six months in a CBCF. Here, the trial court advised Moore he would be "in effect, between [his] jail time credit, the amount of time in jail and CBCF, approximately out of the community for nine months to a year total time."

{¶8} While we appreciate the thoughtfulness of the trial court's sentence and the predicament of imposing an exact number of days to the CBCF, we nonetheless find the court is required under R.C. 2929.16(A)(1) to advise Moore that he could serve "[a] term of *up to* six months at a community-based correctional facility." (Emphasis added.) *Id.* Therefore, we remand the matter for the limited purpose of issuing a nunc pro tunc entry to correct the sentence in accordance with R.C. 2929.16(A)(1). *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 17-20.

{¶9} Accordingly, judgment is affirmed. The matter is remanded for the issuance of a nunc pro tunc sentencing entry in accordance with R.C. 2929.16(A)(1).

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR