[Cite as *State v. Bennett*, 2016-Ohio-7220.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 102843 and 102844**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TRACY W. BENNETT

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED; REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-589644-A and CR-14-586569-A

**BEFORE:** E.A. Gallagher, P.J., McCormack, J. and Stewart, J.

**RELEASED AND JOURNALIZED:** October 6, 2016

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Marcus A. Henry
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Tracy Bennett, has appealed his convictions in both Cuyahoga C.P. No. CR-14-589644-A in which he plead guilty to felonious assault and Cuyahoga C.P. No. CR-14-589569-A in which he plead guilty to attempted domestic violence. Bennett was sentenced to a two year prison term in CR-14-589569 and three years of community control sanctions with placement at the Community Based Correctional Facility ("CBCF") in CR-14-589644, which were ordered to be served consecutively.

{¶2} Appellant raised two assignments of error. First, he challenges the consecutive terms of his sentences asserting that the trial court failed to make the statutorily required findings prior to imposing consecutive sentences and he also challenges the indefinite period of confinement at a CBCF as being contrary to law.

{¶3} Appellee, state of Ohio, concedes that the trial court failed to make the statutorily required findings pursuant to R.C. 2929.14(C)(4) and further concedes that, pursuant to this court's decision in *State v. Moore*, 8th Dist. Cuyahoga No. 102242, 2015-Ohio-3233 and R.C. 2929.16(A)(1), the trial court erred in failing to impose a limited term for the appellant's placement at a CBCF.

{¶4} Despite the state's concession to the above errors, a larger facial error in Bennett's sentence takes precedence and renders his sentence void. In an en banc decision, this court recently held that a trial court may not impose terms of residential or nonresidential community control sanctions on a felony count to be served consecutively

to a term of imprisonment imposed on another count, *State v. Anderson*, 8th Dist. Cuyahoga No. 102427, 2016-Ohio-7044, ¶ 5. Pursuant to *Anderson*, a sentence of community control sanctions improperly ordered to be served consecutive to a prison term is void and must be vacated. *Id.* at ¶ 31.

{¶5} Therefore, we vacate Bennett's community control sanction sentence in Case No. CR-14-589569-A as void.

{¶6} Case remanded for resentencing on that case alone.

{¶7} This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR