[Cite as *State v. Cuevas*, 2012-Ohio-3156.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97832

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JUAN CUEVAS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549476

**BEFORE:** Sweeney, P.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 12, 2012

**ATTORNEY   FOR APPELLANT**

Nate N. Malek, Esq.
29025 Bolingbrook Road
Cleveland, Ohio 44124

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: James D. May, Esq.
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

{¶1} Defendant-appellant Juan Cuevas ("defendant") appeals his five-year prison sentence for convictions related to his involvement in a car theft operation. After reviewing the facts of the case and pertinent law, we affirm.

{¶2} On November 14, 2011, defendant pled guilty to conspiracy in violation of R.C. 2923.01(A)(1), three counts of receiving stolen property in violation of R.C. 2913.51(A), and a motor vehicle certificate of title offense in violation of R.C. 4505.19(A)(2). On December 13, 2011, the court sentenced defendant to five years in prison for conspiracy, which is a second-degree felony, 18 months for each count of receiving stolen property, which is a fourth-degree felony, and one year for the certificate of title offense, which is an unspecified felony. The court ran defendant's sentences concurrently for an aggregate sentence of five years in prison.

{¶3} Defendant appeals and raises two assignments of error.

{¶4} I. "The trial court erred when it failed to consider the mitigating factors set forth by ORC 2929.12."

{¶5} II. "The trial court abused its discretion when it disregarded Appellant's medical history."

{¶6} Specifically, in defendant's first assignment of error, he argues that the court "failed to consider [defendant's] mental health when issuing its sentence." Because this is the same issue raised in defendant's second assignment of error, we review assignments of error one and two together.

**{¶7}** The Ohio Supreme Court set forth the standard for reviewing felony sentencing in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *See also State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *Kalish*, in a plurality decision, held that appellate courts must apply a two-step approach when analyzing alleged error in a trial court's sentencing.

> First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

*Id.* at ¶ 4.

**{¶8}** Defendant's five-year sentence for a second-degree felony, 18-month sentence for a fourth-degree felony, and one-year sentence for an unspecified felony are within the statutory range. *See* R.C. 2929.14(A). The court stated that it "considered the seriousness and recidivism factors and purposes and principles of Senate Bill 2." Additionally, the court properly applied postrelease control. Under the first prong of *Kalish*, the court complied with the applicable rules and statutes, and defendant's sentence is not contrary to law.

**{¶9}** Turning to the second step of the *Kalish* analysis, we review whether the court acted within its discretion when it sentenced defendant to an aggregate of five years in prison. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶10}** Pursuant to R.C. 2929.12(C)(4), the court, when sentencing a felony offender, shall take into consideration, if applicable, that "[t]here are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."

**{¶11}** Defendant argues that

> it appears from the transcript of the sentencing hearing that the trial court refused to consider [defendant's] mental health status. Although [defendant's] mental health status would not be enough to constitute a defense, the severity of his condition should absolutely be considered as a mitigating factor.

**{¶12}** According to the record, in May 2011, defendant was one of 35 people charged in a 257 count secret indictment based on a car theft operation spanning over four years and involving hundreds of stolen vehicles. In June 2011, defendant sought medical treatment for mental health issues. On December 8, 2011, defendant filed a sentencing memorandum with the court in which he detailed his mental health problems. Defendant allegedly began to suffer from depression with psychotic features in the summer of 2010. After seeking treatment in the summer of 2011, defendant was prescribed an antidepressant and antipsychotic medication. Defendant's medical records from June 14, 2011 through December 3, 2011 were also made part of the record.

**{¶13}** Defendant's presentence investigation report suggested a low risk of recidivism, and defendant has no prior criminal history. Defense counsel requested that the court impose community control sanctions as defendant's sentence in the instant case. However, the State provided information from the investigating police officer who ranked defendant as the number two offender, out of the 35 charged in this investigation,

as far as culpability was concerned. Therefore, the State recommended that the court impose prison time, although it did not "press the court for any particular [number of] years."

{¶14}     Also included in the record is a letter from defendant's psychiatrist and a letter from the pastor of defendant's church. The court questioned the authenticity of these letters, because, as the court stated, neither were written on letterhead, "[b]oth facts I find are unusual." Defense counsel responded that they were provided by email.

{¶15}     The court stated the following at the sentencing hearing:

> I've considered the seriousness and recidivism factors, purposes and principles of Senate Bill 2. Frankly, this case is an unusual one. The amount of damage to the community is shocking. Scores of stolen cars, countless people's lives destructed by crime. Finding the money for buying a new car, dealing with the insurance company.
>
> People bought cars from you and your fellows on Craigslist that were not properly titled, mistitled. We have countless police officer time involved and most of the defendants pled guilty to probationable offenses. However, your crime warrants a prison sentence.

{¶16}     Defendant faced a maximum of ten and one-half years in prison for the offenses to which he pled guilty, and our review of the record shows that the court took into consideration the mitigating factors outlined above when sentencing defendant to five years in prison. "Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that] of the * * * trial court." *Pons v. Ohio State Med. Bd.,* 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶17}     Accordingly, we cannot say that the court abused its discretion, and defendant's first and second assignments of error are overruled.

{¶18}   Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR