[Cite as *State v. Willard*, 2014-Ohio-5278.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101055

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### CHRISTOPHER WILLARD

DEFENDANT-APPELLANT

### JUDGMENT:
### REVERSED, VACATED, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-555833-A

**BEFORE:** E.T. Gallagher, J., Celebrezze, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 26, 2014

**ATTORNEY FOR APPELLANT**

Dale M. Hartman
2195 South Green Road
Cleveland, Ohio 44121


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Christopher Willard ("Willard"), appeals the judgment of the trial court finding him in violation of his community control sanctions and sentencing him to eight years in prison. Finding merit to the appeal, we reverse, vacate, and remand this matter for further proceedings consistent with this opinion.

{¶2} In November 2011, Willard was indicted on 21 counts, including two counts of disseminating matter harmful to juveniles, nine counts of pandering sexually oriented material involving a minor, nine counts of illegal use of a minor in nudity-oriented material or performance, and one count of possession of criminal tools. In July 2012, after the trial court denied his motion to suppress, Willard pleaded no contest to the indictment. The trial court found him guilty of all 21 counts.

{¶3} In August 2012, Willard was sentenced to five years of community control sanctions. He was given a suspended sentence of 20 and one-half years in prison; one-year terms on Counts 1-20 to run consecutively to each other, plus an additional consecutive sentence of six months on Count 21. He was advised at the sentencing hearing and in the sentencing journal entry that any violation of his sanctions could result in a prison term of 20 and one-half years. As a condition of his community control sanctions, Willard was not permitted to use or have contact with computers.

{¶4} On direct appeal, Willard challenged the trial court's denial of his motion to suppress. This court affirmed the trial court's denial in *State v. Willard*, 8th Dist. Cuyahoga No. 99184, 2013-Ohio-3001.

{¶5} In January 2014, the trial court held a community control violation hearing. Evidence was presented that Willard had created an alias and was using the internet in violation

of the conditions of his community control sanctions. Probation officers and investigators testified that Willard was apprehended while in possession of a cell phone that contained images of pornography, at least one of which was a prepubescent male in a state of nudity. A report was produced for the trial court that detailed Willard's extensive internet use via his cell phone. Willard admitted he was in possession of the cell phone and the images it contained.

{¶6} The trial court found Willard in violation of his community control sanctions and sentenced him to eight years in prison. It is from this violation and sentence that Willard now appeals, raising two assignments of error.

**Illegal Sentencing Terms**

{¶7} In his second assignment of error, Willard argues illegal terms were imposed in his original sentence. We shall address this assignment of error first because we find it to be dispositive of the appeal.[1]

{¶8} Willard argues the trial court erred in imposing one-year prison terms on Counts 3-11, all of which are second-degree felonies. Willard contends that the statutory minimum for second-degree felonies is a two-year term. As a result, Willard argues his original sentence is illegal and void. In addition to his original sentence being void, Willard argues his eight-year sentence for his violation must be vacated because it is based on the court's imposition of the original void sentence.

{¶9} The state concedes that the original imposition of one-year terms on the nine second-degree felony counts (Counts 3-11) is contrary to law. The state asks this court to modify Willard's original suspended sentence by imposing two-year terms on Counts 3-11 in

---

[1] In his first assignment of error, Willard argues he was denied effective assistance of counsel during his violation hearing.

order to correct the suspended sentence as it now stands, without remanding for resentencing, and to leave Willard's violation and eight-year prison term intact.

{¶10} We begin by acknowledging that most sentencing errors are generally attacked by way of a postconviction petition, pursuant to R.C. 2953.21, and must be raised on direct appeal. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28. Sentencing errors not raised on direct appeal are generally barred by the doctrine of res judicata. We acknowledge that Willard did not raise any sentencing errors in his direct appeal, nor did defense counsel object to the original suspended sentence at the violation hearing.

{¶11} However, void sentences are not subject to the postconviction relief statutes and in turn, constitute an exception to the res judicata doctrine. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 25, 30. A void judgment has no legal force or effect, and any party whose rights are affected may challenge its invalidity at any time and any place. *Payne* at ¶ 33 (Lanzinger, J., concurring), quoting *Black's Law Dictionary* 861 (8th Ed.2004); *see also Gahanna v. Jones-Williams*, 117 Ohio App.3d 399, 404, 690 N.E.2d 928 (10th Dist.1997).

{¶12} One instance of a void sentence is one in which the sentence is not in accordance with statutorily mandated terms. *Fischer* at ¶ 8, 31. A trial court imposes a void sentence when it acts without authority by disregarding statutory sentencing requirements. *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), quoting *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964) (stating that "[a] court has no power to substitute a different sentence for that provided for by statute"); *see also Payne* at ¶ 29, fn. 3 (noting that "[i]t is axiomatic that imposing a sentence outside the statutory range, contrary to the statute, is outside a court's jurisdiction, thereby rendering the sentence void"); *see also State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23 (holding that a sentence is void when it does not contain a statutorily mandated term).

{¶13} In the instant case, despite acknowledging during Willard's plea hearing that second-degree felonies require a minimum sentence of two years, the trial court sentenced Willard to one-year terms on Counts 3-11, all felonies of the second degree.[2] (Tr. 145, 152.) R.C. 2929.14 provides that "[f]or a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." As a result of the trial court's failure to impose statutorily mandated terms on these nine counts, the suspended sentences for those counts are void. We vacate those sentences and remand for resentencing.

{¶14} Next, Willard argues that if his original suspended sentence is void, then he was not properly appraised of the maximum penalty he could or would receive were he to violate his community control sanctions. Willard contends that in failing to inform him of the specific and correct prison term he would face, the trial court failed to properly impose them and they are likewise void. As a result, Willard argues his community control violation and subsequent sentence are also void and must be vacated.

{¶15} The state argues that Willard's community control sanctions, as well as the subsequent violation and sentence, should remain untouched because he benefitted from the error and received a lesser prison term.

{¶16} Willard suggests that were this court to vacate his violation and eight-year sentence, this court should remand the case to the trial court for the sole purpose of advising him of the legal term he should have been sentenced to and the legal term that could be imposed were he to violate his community control in the future. Willard argues that his sentence of five years of community control sanctions should remain untouched.

---

[2] Counts 3-8, pandering sexually oriented material involving a minor; Counts 9-11, illegal use of minor in nudity-oriented material or performance.

**{¶17}** In *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus, the Ohio Supreme Court set forth the following:

> Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.

Whereas the trial court did inform Willard of a specific prison term, the trial court, in imposing nine void sentences, failed to inform him of the actual prison term he could face if he violated the conditions of his sanction. The court in *Brooks* went on to state:

> R.C. 2929.19(B)(5) notification is meant to put the offender on notice of the specific prison term he or she faces if a violation of the conditions occurs. However, from the trial court's perspective, the notice does little more than set a ceiling on the potential prison term, leaving the court with the discretion to impose a lesser term than the offender was notified of when a lesser term is appropriate.

*Id.* at ¶ 23.

**{¶18}** Here, the 20 and one-half year sentence was not an accurate representation of the "ceiling" Willard's convictions dictated as a matter of law. In disregarding the statutory sentencing requirements, the trial court had no authority to sentence Willard to 20 and one-half years, nor to suspend that void sentence and impose community control sanctions based on Willard's warning that he could face 20 and one-half years if he were to violate.

**{¶19}** Thus, we find that because the trial court failed to adhere to the statutory procedures outlined in R.C. 2929.19(B)(5), the court's imposition of community control sanctions is void. Willard cannot be found in violation of community control sanctions that were improperly imposed. We therefore vacate Willard's violation and eight-year sentence.

**{¶20}** Willard's first assignment of error is sustained. In sustaining this assignment of error, Willard's remaining assignment of error is moot and will not be addressed.

**{¶21}** We hereby reverse and vacate Willard's community control violation, his eight-year sentence and his original 20 and one-half year suspended sentence. The case is hereby remanded for de novo resentencing. "When a sentence is deemed void, the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 103; s*ee also State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 (where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is to resentence the offender).

**{¶22}** Judgment reversed, sentence vacated, and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MELODY J. STEWART, J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J., CONCURS WITH
SEPARATE OPINION


FRANK D. CELEBREZZE, JR., P.J., CONCURRING:

**{¶23}** I concur with the majority opinion but write separately to note my view that the trial court, upon resentencing, is not bound by any aspect of the original suspended sentence because that sentence is void. Furthermore, the trial court may take into consideration Willard's

conduct in the interim. Pursuant to R.C. 2929.14, Willard is facing a minimum prison sentence of

24 years and 9 months and a maximum sentence of 92 years and 6 months of incarceration.