[Cite as *State v. Cotton*, 2015-Ohio-180.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101865**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MILTON COTTON**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-92-281730-A

**BEFORE:** E.A. Gallagher, J., Celebrezze, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 22, 2015

**FOR APPELLANT**

Milton Cotton, pro se
Inmate No. 234-317
2500 South Avon-Belden Road
Grafton Camp
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Mary McGrath
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶1} Appellant Milton Cotton appeals the Cuyahoga County Court of Common Pleas denial of his motions to correct a void sentence.   Finding no merit to the appeal, we affirm.

{¶2} In 1992 Cotton was convicted of seven counts of receiving stolen property, two counts of concealing motor vehicle identification, four counts of possession of criminal tools, three counts of drug trafficking, having a weapon while under disability and two counts of title law violations.   Cotton's convictions were affirmed by this court on direct appeal in *State v. Cotton*, 8th Dist. Cuyahoga Nos. 64361 and 64378, 1994 Ohio App. LEXIS 3134 (July 14, 1994).

{¶3} On April 17, 2014, Cotton filed, pro se, a motion to correct void sentence.   Cotton filed a second motion to correct void sentence on May 12, 2014.   Cotton argued that the trial court erred in sentencing him to definite prison terms of four years on each of his convictions for violating title law pursuant to R.C. 4505.19.   The crux of Cotton's argument was that his four-year sentences for violating R.C. 4505.19 were void because a violation of that section was a fourth-degree felony at the time of his offenses in September of 1990 and the trial court should have imposed an indefinite prison sentence consisting of a minimum of six months, one year or eighteen months and a maximum of five years.   The trial court denied Cotton's motions on August 21, 2014.   Cotton appeals and his sole assignment of error provides:

> The trial court abused its discretion and erred to the prejudice of appellant and violated his due course and due process rights guaranteed to him by the Fourteen [sic] Amendment to the United States Constitution and Article I, Section Sixteen of the Ohio Constitution, when the trial court had denied appellant's motion's to correct void sentence / judgment entry based solely upon the fact that the trial court had imposed an unauthorized and void term to-wit four years definite sentence upon appellant for a fourth degree felony to which [sic] term had exceeded the minimum and maximum term that could have been imposed upon the appellant for a fourth- degree felony.

{¶4} Cotton correctly notes that a sentence that is not in accordance with statutorily mandated terms, such as a sentence outside the statutory range and contrary to the statute, is outside a court's jurisdiction, thereby rendering the sentence void. *State v. Willard*, 8th Dist. Cuyahoga No. 101055, 2014-Ohio-5278, ¶ 12, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332; *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 29, fn. 3. A void sentence can be attacked at any time, and thus issues surrounding it are not barred by the doctrine of res judicata. *Fischer* at ¶ 30.

{¶5} However, in this instance we do not find Cotton's sentence to be void. Cotton's legal theory is predicated upon his argument that a violation of R.C. 4505.19 in 1990 was a felony of the fourth degree and he should have been sentenced pursuant to the indeterminate sentencing provisions for a fourth degree felony found in R.C. 2929.11 as they existed at that time.

{¶6} After reviewing the relevant statutory authority we do not find that R.C. 4505.19 was a felony of the fourth degree in 1990. In referencing R.C. 4505.19 in passing, courts in Ohio have been inconsistent in describing its classification. *See, e.g., Office of Disciplinary Counsel v. Rothermel*, 15 Ohio St.3d 121, 472 N.E.2d 1072 (1984) (referring to a violation of R.C. 4505.19(C) as a fourth-degree felony); *State v. O'Black*, 3d Dist. Allen No. 1-10-25, 2010-Ohio-4812, ¶ 6 (describing a violation of R.C. 4505.19 as a felony of the fifth degree); *State v. Napier*, 12th Dist. Clermont No. CA91-10-089, 1992 Ohio App. LEXIS 3738 (July 20, 1992) (describing a violation of R.C. 4505.19 as a fourth-degree felony); *State v. Jodrey*, 12th Dist. Clermont No. CA99-04-038, 1999 Ohio App. LEXIS 5922 (Dec. 13, 1999) (finding a violation of R.C. 4505.19 to be an unclassified offense because its penalty is not related to a

degree of felony or a degree of misdemeanor); *State v. Hughley*, 8th Dist. Cuyahoga No. 90323, 2009-Ohio-3274, ¶ 10 (finding R.C. 4505.19 to be an unspecified felony due to the potential penalties ranging from six months to five years); *State v. Cuevas*, 8th Dist. Cuyahoga No. 97832, 2012-Ohio-3156, ¶ 2 (referring to a violation of R.C. 4505.19 as an unspecified felony).

{¶7} None of the decisions that have referenced R.C. 4505.19 in passing as a particular degree of felony explain how they reached that conclusion. In fact, the Twelth District's 1992 decision in *Napier* specifically cited R.C. 4505.99(D) in support of its description of R.C. 4505.19 as a fourth-degree felony. However, R.C. 4505.99(D) as it existed at the time of Cotton's offenses provided as follows:

> (D) Whoever violates section 4505.19 of the Revised Code shall be fined not more than five thousand dollars or imprisoned in the county jail or workhouse not less than six months nor more than one year, or both, or in the penitentiary not less than one nor more than five years.

{¶8} As noted by the state, R.C. 4505.99 specifically classified certain other violations of R.C. Chapter 4505 as felonies and misdemeanors subject to those sentencing guidelines but did not choose to impose a classification on violations of R.C. 4505.19. Instead, at the time of Cotton's offenses R.C. 4505.99(D) specifically delineated a range of potential penalties for a violation of R.C. 4505.19 that did not directly match any particular felony classification. Therefore, we agree with the above cited authorities that have treated R.C. 4505.19 as an unclassified offense.

{¶9} Because R.C. 4505.19 was not a felony of the fourth degree subject to an indefinite sentence under R.C. 2929.11 at the time of Cotton's offenses and the trial court imposed four-year prison terms within the statutory range provided by R.C. 4505.99(D) we do not find Cotton's sentences to be void.

**{¶10}** Cotton's sole assignment of error is overruled.

**{¶11}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, A.J., and
SEAN C. GALLAGHER, J., CONCUR