# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103508**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JOHN GREGA**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-558836-A

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** January 20, 2016

**[Cite as *State v. Grega*, 2016-Ohio-187.]**
**APPELLANT**

John Grega
No. A664943
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio 44030

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Amy Venesile
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

[Cite as *State v. Grega*, 2016-Ohio-187.]
KATHLEEN ANN KEOUGH, P.J.:

{¶1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.

{¶2} Defendant-appellant, John Grega, appeals from the trial court's judgment denying his motion to vacate a void judgment. He contends that the trial court was without jurisdiction to sentence him to prison after he violated his community control sanctions because the court never advised him that he would be subject to a prison term if he violated community control sanctions. The state concedes the error. We reverse the trial court's judgment, and remand with instructions to immediately vacate Grega's sentence and order him discharged.

I. Background

{¶3} In February 2012, Grega was indicted on one count of aggravated burglary, three counts of aggravated arson, and one count of arson. He subsequently pleaded guilty to one count of aggravated arson, and the remaining counts were nolled.

{¶4} On May 9, 2012, the trial court sentenced Grega to five years of community control with conditions. The judgment entry of sentencing contains no advisement that Grega would be subject to incarceration should he violate the community control sanctions.

{¶5} On April 2, 2014, after a hearing, the trial court found Grega in violation of the community control sanctions. The court continued community control sanctions, but modified the conditions to inpatient treatment at the Matt Talbott Recovery Center. The journal entry of sentencing does not contain an advisement that Grega would be subject to incarceration should he violate the community control sanctions.

{¶6} Subsequently, the court issued a capias for Grega, and on February 26, 2015, he was taken into custody.

{¶7} On March 26, 2015, after a hearing, the trial court found Grega in violation of community control sanctions, terminated community control, and sentenced him to four years incarceration.

{¶8} Grega subsequently filed a motion to vacate the judgment sentencing him to prison, contending that it was a void judgment. The trial court denied the motion, and this appeal followed.

## II. Analysis

{¶9} Grega argues that the trial court was without jurisdiction to sentence him to prison because it never notified him, as required by R.C. 2929.19(B)(5) and 2929.15(B), that a prison sentence could be imposed for violation of community control sanctions. Accordingly, he contends, the trial court's judgment sentencing him to four years in prison was a void judgment.

{¶10} We begin by acknowledging that Grega did not file a direct appeal of the trial court's alleged sentencing error. Sentencing errors not raised on direct appeal are generally barred by the doctrine of res judicata. *State v. Willard*, 8th Dist. Cuyahoga No. 101055, 2014-Ohio-5278, ¶ 10. Void sentences, however, are an exception to the res judicata doctrine, and may be reviewed at any time, either on direct appeal or by collateral attack. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 30.

{¶11} This court has stated the following with respect to the imposition of prison sentences for violations of community control sanctions:

In *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, the Supreme Court of Ohio held:

Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation. *Id.* at paragraph two of the syllabus.

Notification of the specific prison term, however, need not occur at the original sentencing. *State v. Fraley*, 105 Ohio St.3d 13, 18, 2004-Ohio-7110, 821 N.E.2d 995. Because an offender under a community control sanction is sentenced "anew" following each violation of the sanction, a sentencing court complies with any relevant sentencing statute by notifying the offender of a specific prison term at subsequent sentencing hearings. *Id.* "Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for such a subsequent violation." *Id.* at syllabus.

*State v. Goforth*, 8th Dist. Cuyahoga No. 90653, 2008-Ohio-5596, ¶ 11-13.

{¶12} In short, a trial court must notify a defendant at sentencing of the specific prison term that it will impose if he or she violates community control. Such notification must also be contained in the accompanying sentencing journal entry. *Goforth* at ¶ 20, citing *State v. McWilliams*, 9th Dist. Summit No. 22359, 2005-Ohio-2148. When a trial court gives no notice to an offender being sentenced to community control of the prison term that may be imposed if community control sanctions are violated, a prison term may not be imposed for violation of the conditions. *Brooks*, 103 Ohio St.3d at 136, 2004-Ohio-4746 at ¶ 8.

{¶13} Here, neither the sentencing journal entry of May 9, 2012, when Grega was first sentenced to community control sanctions, nor the subsequent sentencing journal entry of April 2, 2014, when the court continued community control but modified the sanctions to inpatient treatment at the Matt Talbott Recovery Center, contain the required statutory notification that Grega would be subject to incarceration should he violate community control sanctions.

{¶14} A trial court imposes a void sentence when it acts without authority by disregarding statutory sentencing requirements. *Willard*, 2014-Ohio-5278 at ¶ 12, citing *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). Although the ordinary course when a sentence is deemed void is to vacate the sentence and remand for a new sentencing hearing, *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the record reflects that the trial court terminated Grega's community control sanctions when it sentenced him to prison. Thus, even if we were to remand for resentencing, the trial court could not impose any further community control sanctions. Accordingly, we reverse the trial court's judgment, and remand with instructions to immediately vacate Grega's sentence and order him discharged. *See State v. Waite*, 8th Dist. Cuyahoga No. 92895, 2010-Ohio-1748, ¶ 7; *State v. Goforth*, 8th Dist. Cuyahoga No. 90653, 2008-Ohio-5596, ¶ 20.

{¶15} Judgment reversed, remanded with instructions.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
TIM McCORMACK, J., CONCUR

[Cite as *State v. Grega*, 2016-Ohio-187.]