[Cite as *State v. Peterson*, 2016-Ohio-4698.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103503**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEANE PETERSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-586279-A

**BEFORE:** McCormack, J., Jones, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** June 30, 2016

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Ave., Suite 800
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Frank Romeo Zeleznikar
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Deane Peterson, appeals from a judgment of the Cuyahoga County Court of Common Pleas that sentenced him to 18 months in prison for a violation of his community control sanctions. For the following reasons, we affirm the trial court's judgment.

{¶2} In 2014, Peterson pleaded guilty to an amended indictment on one count of robbery, a third-degree felony. Instead of imposing a prison term, the trial court imposed two years of community control sanctions, which included 180 days in jail followed by a term in Community-Based Correctional Facility ("CBCF").

{¶3} Peterson appealed his sentence to this court. He claimed that the trial court lacked the authority to impose six months of jail time followed by a term in CBCF without making findings required for a consecutive sentence under R.C. 2929.14(C)(4). Upon review, this court found his claim to be without merit. This court held that the trial court was expressly authorized to impose six months of jail time followed by a term in CBCF. *State v. Peterson*, 8th Dist. Cuyahoga No. 102428, 2015-Ohio-4581, ¶ 16 ("*Peterson I*"). This court explained that R.C. 2929.14 (C)(4) has no application in this case because that statute only applies to consecutive "prison terms" imposed for *multiple* offenses. *Id.* at ¶ 7. Peterson, however, was not convicted of multiple offenses, which made the statute inapplicable, and therefore, no statutory findings were required, contrary to Peterson's claim. *Id.*

{¶4} In that prior appeal, Peterson also argued that both the jail term and a term of CBCF are "terms of imprisonment" and, under the presumption of concurrent sentences established in R.C. 2929.41(A), they were to be served concurrently. This court found no merit to this claim either, explaining that the presumption of concurrent terms established in R.C. 2929.41(A) applied only when the trial court is imposing "multiple sentences," whereas the trial court sentenced Peterson to six months of jail and a term in a CBCF on a *single* count. *Id.* at ¶ 14. For the same reason, this court found *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874 (consecutive six-month jail terms for multiple offenses not authorized by statute) to be inapplicable. *Id.* at ¶ 14.

{¶5} In August 2015, while still in CBCF, Peterson violated his community control sanctions. The trial court terminated his community control sanctions and ordered him to serve 18 months in prison for the underlying robbery count, with a jail-time credit of 259 days.

{¶6} Peterson again appealed from the trial court's judgment. He argues the trial court was without authority to sentence him to six months of jail time followed by a term in CBCF at his original sentencing. This is the exact same argument that he had raised in *Peterson I,* and this court has already decided the issue. Res judicata bars the relitigation of an issue already decided. *Russell v. Mitchell*, 84 Ohio St.3d 328, 329, 703 N.E.2d 1249 (1999). Our holding on *Peterson I* remains the law of the case. *State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 27 (the decision of a reviewing

court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels).

{¶7} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR