[Cite as *State v. Bridges*, 2017-Ohio-539.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104723

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# CURTIS BRIDGES

### DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-01-407434-B

**BEFORE:** Celebrezze, J., E.T. Gallagher, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 16, 2017

**ATTORNEY FOR APPELLANT**

Myron P. Watson
614 W. Superior Avenue, Suite 1144
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Amy Venesile
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Defendant-appellant, Curtis Bridges ("Bridges"), brings this appeal challenging the trial court's judgment denying his "motion to vacate void judgment of sentence." Specifically, Bridges argues that the trial court's sentence violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

**{¶2}** In Cuyahoga C.P. No. CR-01-407434-B, Bridges was convicted of trafficking in and possession of cocaine exceeding 1,000 grams; each count contained a major drug offender specification. The trial court merged the specifications for sentencing purposes. In July 2001, the trial court sentenced Bridges to an aggregate 25-year prison term: a mandatory term of ten years on each count and five years on the major drug offender specification; the trial court ordered the counts to run consecutively to one another and consecutively to the specification. The trial court's sentencing journal entry provided, in relevant part, "postrelease control is a part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28."

**{¶3}** This court affirmed Bridges's convictions and the trial court's sentence on direct appeal. *State v. Bridges*, 8th Dist. Cuyahoga No. 80171, 2002-Ohio-3771 ("*Bridges I*"), *appeal not accepted*, 97 Ohio St.3d 1484, 2002-Ohio-6866, 780 N.E.2d 287.

{¶4} On May 30, 2008, Bridges filed a motion to vacate his sentence arguing that the trial court failed to properly impose postrelease control. Specifically, Bridges argued that the trial court merely stated that postrelease control was a part of his sentence without advising him that his first-degree felonies carried a mandatory five-year term of postrelease control.

{¶5} The trial court granted Bridges's motion, finding that Bridges was not advised — either during the July 31, 2001 sentencing hearing or in the trial court's August 3, 2001 sentencing journal entry — of the length of the period of postrelease control that he would be subjected to. The trial court concluded that a new sentencing hearing was required pursuant to *State v. Siwik*, 8th Dist. Cuyahoga No. 92341, 2009-Ohio-3896.[1]

{¶6} The trial court held a de novo resentencing hearing on December 14, 2009. The state conceded that the trafficking and possession counts merge for sentencing purposes; the state elected to sentence Bridges on the trafficking count. The trial court sentenced Bridges to a mandatory prison term of ten years on the trafficking count and a prison term of ten years on the major drug offender specification.[2] The trial court ordered Bridges to serve the prison term for the specification consecutively to the prison

---

[1] In *Siwik*, the trial court's sentencing journal entry failed to specifically state the required period of postrelease control for the defendant-appellant's convictions; this court vacated the sentence and remanded the matter to the trial court for resentencing pursuant to *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568. *Siwik* at ¶ 22.

[2] The December 2009 sentence was imposed by a different judge than the judge who originally sentenced Bridges in 2001.

term for the trafficking count, for an aggregate prison term of 20 years. The trial court notified Bridges that his sentence included postrelease control for a period of five years. The trial court credited Bridges with "nearly nine years" of time served.

{¶7} In *State v. Bridges*, 8th Dist. Cuyahoga No. 94469, 2010-Ohio-6359 ("*Bridges II*"), Bridges appealed the trial court's sentence, raising the following four assignments of error:

> I. [Bridges's] rights under the Fifth and Fourteenth Amendments were violated when he was sentenced to an enhanced sentence on the major drug offender specification upon his resentencing.
>
> II. [Bridges] was denied due process of law when the court, who was not the original sentencing judge, proceeded to resentence [him] to a greater sentence than that of the original judge.
>
> III. [Bridges's] constitutional rights were violated when [he] was subjected to multiple punishments as a major drug offender.
>
> IV. [Bridges] was denied due process of law when the court added an additional forfeiture of items which differed from its oral pronouncement of sentence.

*Id*. at _ 6-7, 14, 20. This court affirmed the trial court's judgment.

{¶8} Bridges filed motions for judicial release on July 10, 2013; July 30, 2014; December 24, 2014; and July 17, 2015. The trial court denied Bridges's motions, finding that Bridges was not eligible for judicial release because he was serving a mandatory sentence.

{¶9} On May 31, 2016, Bridges filed a "motion to vacate void judgment of sentence." In his motion, Bridges argued that the trial court's December 2009 sentence

was contrary to law because the trial court increased his sentence for the major drug offender specification after he had already served the sentence for the specification. The trial court denied Bridges's motion on June 10, 2016.

{¶10} Bridges filed the instant appeal challenging the trial court's judgment denying his motion to vacate void judgment of sentence. Bridges assigns one error for review:

> I. The trial court erred when it denied [Bridges's] motion to vacate sentence.

## II. Law and Analysis

### A. Trial Court's Sentence

{¶11} In his sole assignment of error, Bridges challenges the ten-year sentence the trial court imposed in December 2009 on the major drug offender specification. Specifically, Bridges argues that the trial court's ten-year sentence on the major drug offender specification was a void judgment. Bridges contends that the trial court was without jurisdiction to modify his sentence for the major drug offender specification at the 2009 sentencing hearing because he had already completed the five-year sentence imposed for the major drug offender specification in 2001.

{¶12} After reviewing the record, it is evident that Bridges's argument is barred by res judicata. Bridges raised this exact same argument in *Bridges II*, and this court has already decided the issue.

{¶13} In *Bridges II*, Bridges argued that (1) his rights under the Fifth and

Fourteenth Amendments to the United States Constitution were violated when the trial court enhanced his sentence for the major drug offender specification at resentencing, and (2) the trial court could not increase his sentence in 2009 because he had partially served the sentence imposed in 2001. *Bridges II*, 8th Dist. Cuyahoga No. 94469, 2010-Ohio-6359, at _ 6, 11. This court rejected Bridges's arguments, explaining that "this is not a case where a valid sentence is being increased. Rather, the original sentence was vacated and a de novo sentencing hearing was held at which Bridges received a newly imposed sentence with credit for time served." *Id*. at _ 11. This court affirmed the sentence imposed at the 2009 resentencing hearing. *Id*. at _ 1.

{¶14} "Res judicata bars the relitigation of an issue already decided." *State v. Peterson*, 8th Dist. Cuyahoga No. 103503, 2016-Ohio-4698, _ 6, citing *Russell v. Mitchell*, 84 Ohio St.3d 328, 329, 703 N.E.2d 1249 (1999). The Ohio Supreme Court declined to review Bridges's discretionary appeal. *State v. Bridges*, 128 Ohio St.3d 1503, 2011-Ohio-2420, 947 N.E.2d 685. Thus, our holding in *Bridges II* remains the law of the case. *State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 27 (the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels).

{¶15} Based on the foregoing analysis, Bridges's sole assignment of error is overruled.

{¶16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR