[Cite as *State v. Foster*, 2017-Ohio-2987.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104883

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NATHANIEL FOSTER

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-98-370295-B

**BEFORE:** Laster Mays, J., Stewart, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 25, 2017

-i-

**FOR APPELLANT**

Nathaniel Foster, pro se
Inmate No. A369-398
Richland Correctional Institution
P.O. Box 8107
1001 Olivesburg Road
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Diane Smilanick
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant, Nathaniel Foster ("Foster"), appeals his conviction and sentence and asks this court to vacate his sentence. After a review of the record, we affirm.

**{¶2}** In 1999, Foster was found guilty of kidnapping ("Count 1"), in violation of R.C. 2905.01; felonious assault ("Count 2"), in violation of R.C. 2903.11; aggravated robbery ("Count 3"), in violation of R.C. 2911.01; and possession of criminal tools ("Count 4"), in violation of R.C. 2923.24. Foster was sentenced to ten years in prison for Count 1, plus nine additional years for the repeat violent offender specification; concurrent terms of eight years in prison for Count 2, with an additional nine years for the repeat violent offender specification; ten years in prison for Count 3, in addition to nine years for the repeat violent offender specification; and 12 months in prison for Count 4. The trial court ordered that Counts 2, 3, and 4 be served concurrent to each other but consecutive to Count 1.

## I. Facts

**{¶3}** In 2000, Foster appealed his conviction and sentence to this court. In *State v. Foster*, 8th Dist. Cuyahoga No. 76383, 2000 Ohio App. LEXIS 6077 (Dec. 1, 2000), Foster's conviction and sentence were affirmed. Foster filed an application for reopening to this court and was denied in December 2000. In December 2001, Foster filed a motion to dismiss the repeat violent offender specifications, and the trial court

denied that motion. He then filed an appeal with this court, which was dismissed. The Ohio Supreme Court dismissed Foster's appeal of this court's dismissal. Foster then filed a motion for correction of void sentence and order for resentencing in February 2008. In addition, he filed a supplemental motion in support of his motion for resentencing. The state also filed a motion for resentencing. In response, Foster filed a motion for establishment of a date certain for oral hearing and appointment of counsel. The trial court denied Foster's motion for correction of void sentence, supplement in support of appellant's motion for resentencing, and motion for establishment of a date certain for a oral hearing and appointment of counsel. However, the trial court granted the state's motion for correction of void sentence.

{¶4} On February 25, 2009, the trial court held a resentencing hearing and resentenced Foster to the same sentence he received in 1999, but also sentenced Foster to five years of postrelease control and advised Foster of the consequences of violating postrelease control. The trial court also made the necessary findings on the record for sentencing Foster on the repeat violent offender specification. Foster then, on September 5, 2013, filed a motion for allied offense determination, and the trial court denied this motion. In 2016, Foster filed a motion to vacate void judgment, and the trial court denied that motion. Foster now appeals the trial court's denial of his motion to vacate void judgment, and assigns two errors for our review:

I.    The trial court abused its discretion when it denied appellant's motion to vacate a void judgment;

> II. The trial court erred or abused it discretion when it denied appellant's motion as a postconviction petition.

## II. Motion to Vacate a Void Judgment

{¶5} In Foster's first assignment of error, he argues that the trial court abused its discretion when it denied his motion to vacate void judgment.

> One instance of a void sentence is one in which the sentence is not in accordance with statutorily mandated terms. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 8. A trial court imposes a void sentence when it acts without authority by disregarding statutory sentencing requirements. *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), quoting *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964) (stating that "[a] court has no power to substitute a different sentence for that provided for by statute"); *see also State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 29, fn. 3 (noting that "[i]t is axiomatic that imposing a sentence outside the statutory range, contrary to the statute, is outside a court's jurisdiction, thereby rendering the sentence void"); *see also State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23 (holding that a sentence is void when it does not contain a statutorily mandated term).

*State v. Willard*, 8th Dist. Cuyahoga No. 101055, 2014-Ohio-5278, ¶ 12.

{¶6} Foster contends that the trial court failed to comply with the statutory factors identified in R.C. 2929.12 because it imposed additional time for the repeat violent offender specification without making certain findings on the record. "In order for the trial court to properly impose this additional time, it must comply with the requirements of R.C. 2929.14(D)(2)(b), compelling the court to make certain findings on the record." *State v. Aziz*, 8th Dist. Cuyahoga No. 84181, 2004-Ohio-6631, ¶ 39. Although R.C. 2929.14(D)(2)(b) has changed effective March 21, 2017, prior to the change it stated,

> "(b) If the court imposing a prison term on a repeat violent offender imposes the longest prison term from the range of terms authorized for the

offense under division (A) of this section, the court may impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if the court finds that both of the following apply with respect to the prison terms imposed on the offender pursuant to division (D)(2)(a) of this section and, if applicable, divisions (D)(1) and (3) of this section: (I) The terms so imposed are inadequate to punish the offender and protect the public from future crime * * *. (ii) The terms so imposed are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense."

*Aziz* at ¶ 40-42.

{¶7} In *Aziz*, this court vacated the trial court's sentence and remanded for resentencing. In Foster's case, the trial court resentenced Foster and made the findings on the record. Further, the journal entry stated, "the court considered all of the required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Therefore, Foster's assertion that the trial court did not make the necessary findings on the record to sentence him on the repeat violent offender specification is incorrect. We overrule Foster's first assignment of error.

## III. Postconviction Petition

### A. Standard of Review

{¶8} In reviewing a trial court's denial of a motion as a postconviction petition,

[a] reviewing court will not overrule a trial court's finding on a petition for postconviction relief absent a showing of an abuse of discretion. *State v. Davis* (1999), 133 Ohio App. 3d 511, 515, 728 N.E.2d 1111. "An abuse of discretion connotes more than an error of law or judgment; it implies conduct that is unreasonable, arbitrary, or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

*State v. Vasquez*, 8th Dist. Cuyahoga No. 82156, 2004-Ohio-53, ¶ 10.

**B.      Law and Analysis**

**{¶9}** In Foster's second assignment of error, he argues that the trial court erred or abused its discretion when it denied his motion as a postconviction petition.  He contends that because his sentence is void, his motion was not a postconviction petition, and the time period to file an appeal has not begun because a valid sentence has not been imposed.  However, in the first assignment of error, it has already been decided that Foster's sentence was not void.  Therefore, Foster's motion was a postconviction petition.

> There are strict time limits for seeking postconviction relief under R.C. 2953.21.  Under R.C. 2953.21(A)(2), a petition for postconviction relief must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the conviction or, if no appeal is taken, no later than 180 days after the expiration of time for filing the appeal.

*State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 19.   Foster is over the time limit of filing a postconviction petition.    However,

> [i]f a defendant's petition is untimely under R.C. 2953.21(A)(2), then it must comport with R.C. 2953.23(A). Under R.C. 2953.23(A)(1), the trial court may not consider a delayed petition for postconviction relief unless the petitioner satisfies two requirements.   First, the petitioner must demonstrate either that he was unavoidably prevented from discovering the facts on which he relies in the petition or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner.   R.C. 2953.23(A)(1)(a).   Second, the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. R.C. 2953.23(A)(1)(b); *State v. Thomas*, 8th Dist. Cuyahoga No. 99972, 2014-Ohio-1512, ¶ 6-7.

*Id*. at ¶ 20.

**{¶10}** Foster does not demonstrate either circumstance. Nor does he establish that a reasonable factfinder would not have found him guilty but for constitutional error at trial. Therefore, the trial court did not err, and Foster's second assignment of error is overruled.

## IV. Res Judicata

**{¶11}** Although we reviewed Foster's assignments of error, his claims are barred by res judicata. "Res judicata bars the relitigation of an issue already decided. *State v. Peterson*, 8th Dist. Cuyahoga No. 103503, 2016-Ohio-4698, ¶ 6, citing *Russell v. Mitchell*, 84 Ohio St.3d 328, 329, 703 N.E.2d 1249 (1999)." *State v. Bridges*, 8th Dist. Cuyahoga No. 104723, 2017-Ohio-539, ¶ 14.

> Under the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject matter of a previous action. The Ohio Supreme Court has identified four elements necessary to bar a claim under the doctrine of res judicata: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action.

*State v. Shearer*, 8th Dist. Cuyahoga No. 103848, 2016-Ohio-7302, ¶ 5, quoting *Lenard v. Miller*, 8th Dist. Cuyahoga No. 99460, 2013-Ohio-4703, ¶ 27.

**{¶12}** The sentencing errors that Foster asserts should and could have been raised when he appealed in 2000. "[M]ost sentencing errors are generally attacked by way of a postconviction petition, pursuant to R.C. 2953.21, and must be raised on direct appeal." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28. "Sentencing errors not raised on direct appeal are generally barred by the doctrine of res judicata." *Willard*, 8th Dist. Cuyahoga No. 101055, 2014-Ohio-5278, ¶ 10.

**{¶13}** Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

LARRY A. JONES, SR., J., CONCURS;
MELODY J. STEWART, P.J., CONCURS IN JUDGMENT ONLY